# MILWAUKEE AND NORTHERN RAILWAY COM-PANY *v.* BROOKS LOCOMOTIVE WORKS.

## ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF WISCONSIN.

Argued April 15, 1887. — Decided April 25, 1887.

On the facts found by the court below, this court holds that the fund in dispute in this case is subject to be applied, by virtue of the garnishee proceedings, to the payment of the judgment debt due to the defendant in error from the plaintiff in error.

THE case is stated in the opinion of the court.

*Mr. E. Mariner* for plaintiff in error.

*Mr. F. C. Winkler* for defendant in error. *Mr. James G. Jenkins* was with him on the brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The Brooks Locomotive Works, on November 30, 1875, re-covered a judgment against the Milwaukee and Northern Railway Company for the sum of $15,368.72, with interest and costs, in the Circuit Court of the United States for the Eastern District of Wisconsin. Execution thereon having been returned not satisfied, and the judgment being otherwise

unpaid and still in force, on July 7, 1879, the plaintiff below filed what under the laws of Wisconsin regulating the practice in such cases is called an affidavit of garnishment, in which it was alleged that the defendant, the Milwaukee and Northern Railway Company, had not property liable to execution sufficient to satisfy the plaintiff's demand, and that the Wisconsin Central Railroad Company, a corporation of the state of Wisconsin, and Charles L. Colby, Edwin H. Abbot, and John A. Stewart, were indebted to or had property, real or personal, in their possession, or under their control, belonging to the defendant in said execution. Summons was accordingly issued, pursuant to said affidavit, against the garnishees, and served on the Wisconsin Central Railroad Company, C. L. Colby, and Edwin H. Abbot, as well as upon the defendant, the Milwaukee and Northern Railway Company. The defendants filed answers, Edwin H. Abbot answering under oath for himself and John A. Stewart, a citizen of New York, jointly. In this answer Stewart and Abbot set out particularly the circumstances under which they allege that they hold the sum of $28,258.44 as an amount due from them, as trustees for the mortgage bondholders of the Wisconsin Central Railroad Company, for the use and occupation of the railroad of the Milwaukee and Northern Railway Company while operated by them as such trustees; and, being in doubt as to whether the facts stated cast any liability upon them as garnishees, submit the question of their liability to the court. The other garnishees in their answers deny any indebtedness to the Milwaukee and Northern Railway Company.

The cause, having come on for trial upon these issues, was submitted to the court, the intervention of a jury being duly waived. The findings of fact and conclusions of law are as follows:

"First. That on the 30th day of November, 1875, the plaintiff above named duly recovered a judgment in this court against the Milwaukee and Northern Railway Company, defendant herein, for the sum of $15,368.72, damages and costs; that said judgment is still in full force and wholly unpaid and unsatisfied; that there is now due thereon from said defend-

ant, the Milwaukee and Northern Railway Company, to said plaintiff, the said sum of $15,368.72, with interest at the rate of seven per cent. per annum from the 30th day of November, 1875, amounting at this date to the sum of $23,410.40 ; and that said judgment was rendered upon certain promissory notes given by said company to the plaintiff upon the sale of an engine furnished for its railroad on the 6th day of September, 1873 ; that an *alias* execution was duly issued out of and under the seal of this court to the marshal of the Eastern District of Wisconsin upon said judgment on the 7th day of July, 1879, and while the same was in the hands of the said marshal, and wholly unsatisfied, and before the return day thereof, to wit, on the 7th day of July, 1879, this action was commenced, by due service of the garnishee affidavit and summons herein, upon the said defendant and upon the garnishees named in the title of this cause.

" Second. That the Wisconsin Central Railroad Company was, at said last-named date, and for many years prior thereto had been, and at all times hereinafter mentioned was, a corporation created by and under the laws of the state of Wisconsin, and owned and operated a railroad from Menasha, in the state of Wisconsin, to Ashland, on Lake Superior, in said state; that the defendant, the Milwaukee and Northern Railway Company, was during said times a corporation created by and under the laws of the state of Wisconsin, and owned a certain main line of railway extending from the city of Milwaukee, in the state of Wisconsin, to the city of Green Bay, in said state, and a spur line from Hilbert Junction, on said main line, to Menasha aforesaid; that the said Wisconsin Central Railroad Company, on the first day of July, 1871, mortgaged its line of railway aforesaid to secure certain bonds therein mentioned, which mortgage was in the usual form of railway mortgages, and authorized the trustees, upon default, to take possession of said railway, and that at all times hereinafter mentioned, the defendants, John A. Stewart and Edwin H. Abbot, were the trustees under said mortgage.

" Third. That the Milwaukee and Northern Railway Company, prior to the times hereinafter mentioned, had duly mort-

gaged its said line of railway to secure its bonds, in the usual form of railway mortgages, with authority upon the part of the trustees in said mortgage named to take possession of said railway upon default in the payment of the principal or interest of the bonds thereby secured, and that at the times hereinafter mentioned Jesse Hoyt and A. Warren Greenleaf were the trustees in said mortgage named, a copy of which mortgage is hereto annexed, marked 'Exhibit A.'

"Fourth. That on the 9th day of November, 1873, the Milwaukee and Northern Railway Company leased to the Wisconsin Central Railroad Company its line of railway and appurtenances, motive power and rolling-stock, railroad materials, and supplies of every description for the term of 999 years from and after November 30, 1873, a copy of which lease is hereto annexed, marked 'Exhibit B;' that by supplemental agreements to said lease, of which 'Exhibits C and D,' hereto annexed, are copies, Jesse Hoyt was substituted as trustee in the place of the Wisconsin Marine and Fire Insurance Company Bank, and that said lease was on or about January 8, 1878, by said Milwaukee and Northern Railway Company, assigned to Jesse Hoyt and A. Warren Greenleaf, trustees under said mortgage, of which the Wisconsin Central Railway Company had notice, copies of which assignment and notice are hereto annexed, marked 'Exhibits E and F;' that the Wisconsin Central Railway Company entered into possession of said road under said lease, and continued therein until the garnishees herein, Stewart and Abbot, took possession of said railway in January, 1879, and said company paid rent under said lease.

"Fifth. That at the times herein mentioned Jesse Hoyt was the president of the Milwaukee and Northern Railway Company, and Angus Smith was the vice-president thereof.

"Sixth. That on the 9th day of January, 1875, a foreclosure of the mortgage made by the Milwaukee and Northern Railway Company was commenced in this court by Jesse Hoyt, surviving trustee, against the Milwaukee and Northern Railway Company and the Wisconsin Central Railway Company, defendants, but that no receiver was appointed therein until

the 28th day of April, 1879, on which day the said court, by consent of the parties to said suit, made an order annulling such lease, and appointing James C. Spencer receiver, who qualified as such receiver on the fifth day of May, 1879, a copy of which order is hereto annexed, marked 'Exhibit G,' and that said trustees had never taken possession of said railroad and property under said mortgage, nor claimed so to do, until the appointment of said receiver.

"Seventh. That on the 12th day of · October, 1875, one James Ludington recovered a judgment at law, in the Circuit Court of the state of Wisconsin for the county of Milwaukee, against the Milwaukee and Northern Railway Company, and on the 15th day of November, 1875, caused an execution to be issued thereon, which was returned *nulla bona* on the 18th day of January, 1876, which judgment was rendered upon default and without any appearance of the defendant therein, and the process commencing said action was served only upon Guido Pfister, a director of said company, and upon no other officer or person.

"Eighth. That on the 17th day of November, 1875, the said James Ludington filed a bill in equity in said Circuit Court for the county of Milwaukee founded upon his said judgment at law, and on the 27th day of December, 1875, obtained a decree therein, directing the sale of the railroad of the Milwaukee and Northern Railway Company thereunder; that on the 4th day of March, 1876, under said decree, the sheriff of the county of Milwaukee sold said railroad to Guido Pfister, and on the 29th day of March, 1876, executed a deed thereof to him, but did not make a report of the sale to the court until January 30, 1880, and said sale was confirmed by the court on the 9th day of February, 1880, and that the sheriff's deed to Guido Pfister was recorded in the office of the register of deeds of the county of Milwaukee on the 26th day of February, 1880, but said Pfister never took or claimed possession under said deed.

"Ninth. On the 4th day of January, 1879, the defendants, John A. Stewart and Edwin H. Abbot, as trustees under the mortgage of the Wisconsin Central Railroad Company, said

company having theretofore made default under said mortgage, and then being so in default, duly took possession of said Wisconsin Central railroad under the said mortgage, and also took possession of the Milwaukee and Northern railway, and thereupon notified the Milwaukee and Northern Railway Company and Jesse Hoyt, trustee of the mortgage of said company, and trustee under its said lease to the Wisconsin Central Railroad Company, and as assignee of said lease, of the taking of such possession of the Milwaukee and Northern railway, and notifying that they declined to assume, affirm, or in any way ratify the lease thereof to the Wisconsin Central Railroad Company, and notifying that, unless said parties notified should otherwise elect, they would continue to operate said Milwaukee and Northern railway temporarily and for such compensation as that service might fairly be worth, and requesting a personal interview to ascertain their wishes and with a view to a more permanent arrangement, and offering to submit to the parties in interest any proposition which could be jointly recommended with reference to the future possession of said railway, of which notice 'Exhibit H,' hereto annexed, is a copy; that the said Milwaukee and Northern Railway Company, or Jesse Hoyt as president or as trustee, or as assignee of said lease, did not, nor did either of them, in any way object to the possession of said railroad by said Stewart and Abbot, or give any attention to said notice until the commencement of negotiations in March, 1879, but said Stewart and Abbot continued to use and operate the Milwaukee and Northern railway without further arrangement or agreement, and without any objection by any of the parties to this proceeding, and with the acquiescence of the Wisconsin Central Railroad Company, but without any assignment of the lease, until the 1st day of May, 1879, and until the lease from the receiver as hereinafter found; and said Milwaukee and Northern Railway Company and said Jesse Hoyt, shortly before the 1st day of May, 1879, in the presence and with the concurrence of all others interested, including the Wisconsin Central Railroad Company, had negotiations with them which culminated in an arrangement by which a receiver

of the Milwaukee and Northern railway was appointed in the foreclosure suit, as hereinbefore found; that said Stewart and Abbot then entered into a lease with said receiver of said Milwaukee and Northern railway for a certain term commencing on the 1st day of May, 1879; that on or about the 23d day of July, 1879, after the service of the garnishee affidavit and summons herein, it was arranged and agreed between said Stewart and Abbot, trustees, on the one part, and Jesse Hoyt, as trustee and assignee, upon the other part, that the sum of $28,258.44 was the amount properly payable by the said Stewart and Abbot as trustees to the party lawfully entitled to receive the same out of the moneys received by said trustees from the operation of the Milwaukee and Northern railway from January 3, 1879, to May 1, 1879, and for the use thereof, which amount was a less sum than would have been coming by the terms of the lease to the Wisconsin Central railroad, and that thereupon said Stewart and Abbot paid to said Jesse Hoyt, as such trustee and assignee, the said sum of money upon receiving a bond of indemnity executed by Ephraim Mariner, Guido Pfister, and Angus Smith, indemnifying them against this suit by reason of such payment, copies of which agreement of accounting and bond of indemnity are hereto annexed, marked 'Exhibits I and J.'

"Tenth. That on the 8th day of March, 1880, an order was made in the foreclosure suit of the mortgage of the Milwaukee and Northern Railway Company for the sale of said railroad, which sale took place on the 5th day of June, 1880, and was sold to Ephraim Mariner and Guido Pfister as trustees for the holders of the bonds under said mortgage; that on the 9th day of June the report of said sale was filed, and was confirmed by the court, and that thereafter, on the 3d day of July, 1880, the final report of the receiver was filed, asking for a discharge, and said report was confirmed on the 5th day of July, 1880.

"Eleventh. That from January 3, 1879, to May 1, 1879, the said Stewart and Abbot were not in possession of or operating said Milwaukee and Northern railway under any lease

whatever between them and James C. Spencer as receiver of the Milwaukee and Northern railway, as claimed in the answer of the principal defendant herein, nor was the indebtedness of said garnishees for the use and occupation of said railroad during said period owing by them to said James C. Spencer, receiver.

### " *Conclusions of Law.*

" The contention in this case being as to who was entitled to the sum of $28,258.44, agreed upon as the fair compensation for the use of the Milwaukee and Northern railway from January 3 to May 1, 1879, we find:

" First. That it did not belong to and cannot be rightfully claimed by the receiver appointed in the foreclosure suit of the mortgage on the Milwaukee and Northern railway, for the reason that he was not qualified as receiver until a subsequent date, and had never reduced the property to possession, and was only receiver of the mortgaged property.

" Second. That said fund did not belong to the Wisconsin Central Railroad Company, because such occupation and operation of the road by Stewart and Abbot, trustees, were with its acquiescence, and it is upon record in this cause as denying all indebtedness to the principal defendant herein, and makes no claim to said fund.

" Third. That said fund did not belong to Jesse Hoyt as trustee under said mortgage, because said trustee had not taken possession of said railroad, and was not entitled to the income thereof; that it did not belong to said Jesse Hoyt as trustee under said lease, or as assignee of said lease, because the occupation and operation of said road by Stewart and Abbot, trustees, was not under said lease, but in defiance thereof and in opposition thereto.

" Fourth. That said sum was, at the time of the garnishee proceedings herein, the property of the Milwaukee and Northern Railway Company, and was liable to be taken and attached for the debts due by said company; that the plaintiff, by virtue of the garnishee proceedings herein upon Stewart and Abbot, trustees, acquired a lawful claim and lien upon said fund to

the extent of the plaintiff's judgment and debt against said company, and that at the time of said garnishment the said John A. Stewart and Edwin H. Abbot had in their hands belonging to the defendant, the Milwaukee and Northern Railway Company, and were indebted to and owed said company for the use and occupation by said Stewart and Abbot of the railway of said company from January 3, to May 1, 1879, the sum of $28,258.44, and that the plaintiff is entitled to judgment against said Stewart and Abbot for the said amount due upon its judgment, to wit, the sum of $23,410.40; that as to the garnishees, the Wisconsin Central Railroad Company and Charles L. Colby, this action should be dismissed.

"Let judgment be entered herein in favor of the plaintiff against John A. Stewart and Edwin H. Abbot for the sum of $23,410.40, with costs to be taxed.

"Dated May 21, 1883.

"JOHN M. HARLAN, *Circuit Justice*.
"CHAS. E. DYER, *Dist. Judge*."

Judgment having been entered for the plaintiff below, separate writs of error have been prosecuted by the Milwaukee and Northern Railway Company and by Stewart and Abbot.

The main contest in the case is between the plaintiff and Jesse Hoyt. If the fund in the hands of the garnishees, Stewart and Abbot, belongs to the Milwaukee and Northern Railway Company, the plaintiff is entitled to subject it to the payment of his judgment; otherwise not. Hoyt's claim is, that Stewart and Abbot, as trustees of the Wisconsin Central Railroad Company, were in possession of the Milwaukee and Northern Railway under a lease of that road to the Wisconsin Central Railroad Company, and are indebted to him, as trustee under that lease and as assignee of the lease, for the rent accruing under it, represented by the fund in their hands. The lease was executed on November 8, 1873, and was for the term of 999 years from that date. It stipulated that the Wisconsin Central Railroad Company, the lessee, should pay as rent a certain proportion of the gross earnings received from the demised road, instalments of which were to be paid monthly

to such trustee as should be, from time to time, jointly selected by the parties, "upon the trust to keep the same until the next instalment of interest is due upon the bonds issued by the first party under their first mortgage, and then to apply the same, or so much thereof as shall be necessary, to the payment of said interest when and as payable, and, if any surplus remain after payment of said interest, to pay the same to the first party, its successors and assigns, unless said surplus, or some part thereof, is due to the second party for advances, as is hereinafter provided, made to or for the benefit of the first party to pay said interest, and if said surplus, or any part thereof, is so due, then to said second party, as hereinafter provided, so much as is due for said advances and interest."

The Wisconsin Marine and Fire Insurance Company Bank was appointed trustee under the lease. By a supplemental agreement, made June 1, 1875, between the parties, the lease was modified so that the rent reserved for the three years from June 1, 1875, should be forty per cent. of the gross earnings received from the demised premises, and after that, so much as was necessary to pay the interest coupons of the Milwaukee and Northern Railway Company, not to exceed forty per cent. of the gross earnings. Under that modified lease, Jesse Hoyt was appointed temporary trustee, in place of the Wisconsin Marine and Fire Insurance Company Bank, for the period of twelve months, which appointment was continued by a further agreement made October 10, 1876.

On January 7, 1878, the Milwaukee and Northern Railway Company made a written assignment to Jesse Hoyt and A. Warren Greenleaf, trustees of the mortgage given to secure its bonds, of the lease of the Milwaukee and Northern railway to the Wisconsin Central Railroad Company, and of all the covenants therein contained, and of all moneys due or to grow due thereon, upon the same trusts, however, as were expressed in the trust deed executed by the Milwaukee and Northern Railway Company to Hoyt and Greenleaf as security for the first mortgage bonds of said company. On the following day a written notice, signed by Hoyt and Greenleaf, was served upon the Wisconsin Central Railroad Company of the fact of

such. assignment, and directing that company to pay the rent to Jesse Hoyt as theretofore, "such assignment being intended merely as further security for said bonds, and not to disturb the relations of the parties to such lease and modifications." In the meantime, as appears by the sixth finding of facts, Jesse Hoyt, as surviving trustee under the mortgage made by the Milwaukee and Northern Railway Company, had com-menced proceedings to foreclose the mortgage, the Wisconsin Central Railroad Company being a defendant thereto, which proceedings were pending when the garnishees, Stewart and Abbot, as trustees under the mortgage of the Wisconsin Central Railroad Company, entered into possession of the property of that company, and also took possession of and operated the Milwaukee and Northern Railroad, under the circumstances stated in the ninth finding of facts.

It is now contended, in opposition to the third conclusion of law drawn by the Circuit Court, that upon the facts found the garnishees, Stewart and Abbot, took possession of the Milwaukee and Northern Railway under the lease of that road to the Wisconsin Central Railroad Company, and became bound thereby to pay rent therefor to Hoyt, as trustee under said lease, or as assignee of said lease. Hoyt is not a party to this proceeding, but it is competent for Stewart and Abbot, as garnishees, to represent his rights in their own defence; for, if in law they are liable to Hoyt, they are not liable to the present defendant in error, and in protecting their own interests it is proper for them to assert the right of Hoyt if they are in law liable to him.

There are, however, two answers to the claim put forward on behalf of Hoyt. If the rent of the Milwaukee and Northern railway is payable to him, either as trustee under the lease or as assignee of the lease, it is not due to him in his own right, but merely for the purposes and upon the trusts expressed either in the lease or in the assignment. Those purposes and trusts were to apply the rents to be received by him to the payment of the interest coupons as they became due upon the mortgage bonds of the Milwaukee and Northern Railway Company secured by the mortgage to him; but it no-

where appears in the record that there are any coupons in arrears to which this rent could be applied, and in that event the rent is payable to the Milwaukee and Northern Railway Company as lessor beneficially interested. It in fact appears by the tenth finding, that pending this suit, and before its trial, the Milwaukee and Northern Railway was sold under the proceedings to foreclose the mortgage of which Hoyt was the surviving trustee, to trustees for the holders of the bonds under that mortgage, which sale has been duly confirmed by the court. It does not, therefore, appear but that at the time of the trial of this case all the bonds, with the interest thereon, of the Milwaukee and Northern Railway Company secured by the mortgage of which Hoyt was trustee, had been fully paid and satisfied. If so, Hoyt had no further interest under the lease, either as trustee or assignee, which entitles him to receive the fund in the hands of the garnishees for any purpose.

In the second place, however, it does not follow as a conclusion of law, from the ninth finding of facts, taken in connection with the other facts found, that Stewart and Abbot entered into possession of the railroad of the Milwaukee and Northern Railway Company under the lease of that road to the Wisconsin Central Railroad Company, and thereby became bound to pay the rent reserved therein. They were not assignees of the term of the Wisconsin Central Railroad Company under that lease. They were trustees of the mortgage given by the Wisconsin Central Railroad Company to them to secure its bonds, and entered into possession of its railroad by a title antedating the lease to it by the Milwaukee and Northern Railway Company. They were not, therefore, bound by the terms of that lease, and were under no obligations to undertake its burdens. They were not bound to take possession of the Milwaukee and Northern Railway; they did so merely as a matter of convenience to the parties interested in that road, and for their benefit. On doing so they gave explicit notice of the character of their possession. That notice, dated January 11, 1879, was addressed to Jesse Hoyt, as president of the Milwaukee and Northern Railway Company, and

surviving trustee under its first mortgage and bonds, and trustee under the lease of its railroad to the Wisconsin Central Railroad Company, and assignee of said lease. In it they say:

"We beg to inform you that on the third day of January current we, trustees under and by virtue of the provisions of the first mortgage of the Wisconsin Central Railroad Company, entered upon and took possession of the property covered by that mortgage, and are now operating the Wisconsin Central Railroad.

"We find that the said company was operating the Milwaukee and Northern Railway under a lease. We are not sufficiently informed upon the subject to warrant us in assuming any obligation under that lease. We therefore notify you that we decline to assume, affirm, or in any way ratify that lease. We wish, however, not to interfere in any way with the welfare of that railway, and, unless you otherwise elect, will continue for the present to operate the same temporarily for such compensation as that service may be fairly worth, and, as far as is necessary, but not in excess of its earnings, to repair the same as the Wisconsin Central Railroad Company was doing, and also to permit the business of the Wisconsin Central Railroad Company to be done as heretofore over that railway. We suggest that you arrange for an early personal interview with us, at which you will make known to us your wishes, and confer with a view to a more permanent arrangement.

"We are ready to submit to the parties in interest any proposition which yourself and we are jointly able to recommend."

To this notice no answer appears to have been made, and Hoyt's silence under the circumstances may fairly be taken to be an acquiescence in the arrangement proposed by Stewart and Abbot. The proceedings on the part of Hoyt, as trustee under his mortgage, to foreclose that mortgage, were then pending, and the Wisconsin Central Railroad Company was a party to that suit. If Hoyt was not willing to accede to the terms proposed by Stewart and Abbot in that notice, in respect to the nature of their occupation and operation of the Mil-

waukee and Northern Railway, it was open to him to apply for the appointment of a receiver, as he subsequently did on May 5, 1879, or otherwise to take possession of the Milwaukee and Northern Railway as trustee under the mortgage. The legitimate inference from his conduct is that which was drawn by the court below, which held, as matter of law deduced from the facts found, that the garnishees were not in possession of the Milwaukee and Northern railway under the terms of the lease to the Wisconsin Central Railroad Company, and for the value of its use and occupation were not bound to account to Hoyt. There was neither privity of contract nor privity of estate between Hoyt and them. Their obligation to pay for that use and occupation was to the company that owned the road.

It is argued by the attorney for the plaintiff in error that there is another alternative by which it may be shown that the garnishees do not owe this fund to the Milwaukee and Northern Railway Company; that is, that Stewart and Abbot entered into possession of the Milwaukee and Northern railway as sub-tenants thereof under the Wisconsin Central Railroad Company, the lessee, and are bound to pay rent as such to the latter company. But, as we have already seen, Stewart and Abbot entered into possession of the property of the Wisconsin Central Railroad Company itself adversely to it, as trustees under its mortgage, by a title antecedent to the date of the lease. Stewart and Abbot in no sense could be considered as accountable to the Wisconsin Central Railroad Company as tenants.

We find no error in the judgment of the Circuit Court, and it is, therefore,

*Affirmed.*