[No. 990.  September 2, 1903.]

NEILL B. FIELD, Plaintiff and Appellee, v. D. L. SAMMIS, Defendant; A. B. McMILLEN, Intervenor and Appellant.

### SYLLABUS.

1. A third party may intervene in a garnishment proceeding arising under execution, and set up rights legal or equitable, in the funds sought to be recovered.

2. A garnishee stands, as nearly as possible, in the same position he would occupy if sued at law by his creditor, and the garnishee's liability, legal and equitable, to the principal debtor is the measure of his liability.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice.  Reversed and remanded.

MCMILLEN & RAYNOLDS for appellant.

All defenses, either legal or equitable, of the garnishee or third parties may be interposed against the garnishor that might have been set up against his debtor.

McLaughlin v. Swan, 18 How. (U. S.) 217; Schuler v. Israel, 120 U. S. 506; Mil-

waukee Ry. v. Brooks Works, 121 U. S. 430; Rolling Mill Co. v. Ore & Steel Co., 152 U. S. 596; Drake on Attachment, sec. 527.

The garnishee may set up in this proceeding all the defenses which he would have in either a court of law or a court of equity.

United States v. Vaughan, 3 Binney 394, 5 Am. Dec. 375; Shattuck v. Smith, 16 Vt. 132; Ex parte Stephens, 11 Ves. 24; Drake on Attachment, secs. 528 and 531; Tower v. George, 53 Ill. 168; Richardson v. Lester, 83 Ill. 55; Henry v. Wilson (Iowa), 51 N. W. 1157; Huntington v. Risdon, 43 Iowa 517.

The contention of the defendant Sammis can not be sustained.

Wylie v. Coxe, 15 How. 415; Wright v. Tibbetts, 91 U. S. 254; Stanton v. Embrey, 93 U. S. 556; Justice v. Justice, 115 Ind. 208, 16 N. E. 618.

WILLIAM D. LEE for appellee.

There is no common law lien for attorney's fees in this Territory.

Scholle v. Pino, 9 N. M. 396; Baker v. St. Quinten, 12 Meeson & Welsby Rep. 441; Hughes v. Edwards, 1 Hurlston and Norman's Rep. 171; Friscal v. Haile, 18 Mo. 18; St. John v. Diefendorf and Allen, 12 Wendle 261.

There can be no lien upon what belongs to another without possession. Lien is a right of the possessor of property to hold it for the satisfaction of some demand.

Mitchell v. Oldfield, 4 Term R. 124; C. J. L. Meyer and Sons Co. v. Black et al., 4 N. M. 190 in Johnson, 352 Gildersleeve; Vanwinkle et al. v. McKee, 7 Mo. 435; Perea v. Colorado Nat. Bk., 6 N. M. 1.

Upon a rule to enforce a lien against money in

court, notice to the client and proof of the claim are necessary.

> Black v. Black, 32 N. J. Equity 74; Attorney-General v. North American L. Ins. Co., 93 N. Y. 387.

In the absence of collusion the settlement will not be set aside.

> Jones v. Bonner, 2 Exchequer 230; Clark v. Smith, 6 Manning and Granger Rep. 1051.

STATEMENT OF FACTS.

On the twenty-ninth day of April, A. D. 1897, the plaintiff recovered a judgment against the defendant for the sum of $2,909.02. Execution was issued upon said judgment December 24, A. D. 1900, and upon the same day a copy of the execution and notice of garnishment was served upon John A. Lee, executor of the last will and testament of W. E. Talbott, deceased. On the eighth day of February, 1901, Alonzo B. McMillen filed an intervening petition claiming part of the money in the hands of the executor. On May 9, 1901, the garnishee filed his answer, admitting that at the time he was served with garnishment process, he was indebted as such executor, to D. L. Sammis in the sum of $347.88, and that he still owed the amount and brings the same into court with his answer. The garnishee further says, that subsequent to the service of garnishment on him, C. E. Newcomber, receiver of the New Mexico Savings Bank & Trust Company and successor in office of Neill B. Field, as plaintiff, presented to this garnishee an order in writing from D. L. Sammis, the judgment debtor, which order is as follows:

"Peabody, Kansas, 1-10-1901.

"Mr. John A. Lee, administrator of the estate of W. E. Talbott,

"Dear sir: Please pay to C. E. Newcomber, receiver

of New Mexico Savings Bank & Trust Company the amount, $347.88 due me from said estate and oblige.

Yours truly,

"D. L. SAMMIS."

The garnishee further says, that he has been informed that one A. B. McMillen claims some interest in the fund aforesaid, and the garnishee did not feel at liberty to pay the same upon order of said Sammis to the said Newcomber, but brings the same into court, and asks to be discharged. An amended petition of intervention was filed on the eleventh day of May, 1901.

The amended petition substantially sets up the following facts: That on or about the tenth day of December, 1897, D. L. Sammis employed the petitioner as his attorney to take such steps as might be necessary to enforce his claim against the estate of W. E. Talbott, deceased, and agreed that he should have one-half of the amount recovered for his legal services; that as the attorney of said Sammis he conducted legal proceedings in the probate court and in the district and Supreme Courts of the Territory which resulted in the recovery of a decree in favor of his client, Sammis for $347.88 and an order of sale of real estate for the payment thereof, on the seventeenth day of March, 1900. An appeal was taken, but was afterwards dismissed upon a compromise being affected that one-half of the amount recovered belonged to petitioner under his contract with Sammis. That after the recovery of the decree, dismissal of the appeal and the pro-rata share due the petitioners had been ascertained, the executor of the estate of Talbott, deceased, was served with process of garnishment upon execution in said cause and required to answer interrogatories of the plaintiff therein. C. E. Newcomber having in the meantime succeeded to the receivership of the New Mexico Savings Bank and Trust Company; that said executor filed his answer setting up the conflicting claims of the plaintiff and the petitioner to said fund

and paid the same into court. The petitioner further alleges that the executor refused to pay said McMillen either the amount due Sammis or the portion thereof due McMillen, and prays that one-half of the sum recovered for Sammis and paid into court, be ordered paid to the petitioner.

A motion to strike out the original petition for intervention, upon the ground that the petition did not state facts authorizing an intervention, and that the same was improperly filed, was refiled to the amended petition. Arguments were heard upon the motion to strike out the amended petition; which motion was sustained by the court, and on the same day the court found that the plaintiff was entitled to all of the fund paid into court by the garnishee, less costs, and ordered the same paid to him. From this judgment, the intervenor prayed an appeal to this court, which was granted.

### OPINION OF THE COURT.

McFIE, J.—If the decision of this case rested upon the status existing on the 29th day of April, 1897, when the receiver recovered his judgment against Sammis, the intervening petitioner would have no standing in court under sections 2947-8-9, Compiled Laws, 1897. The sections of the statute above referred to, require that the petition for intervention must show that the petitioner has an interest in the subject-matter of the litigation, and that the petition shall be filed before the trial commences. McMillen, the intervenor here, had no interest in the subject-matter of the litigation between the bank and Sammis at the time the judgment was rendered, nor so far as the record shows did he have any knowledge of any garnishment proceedings involving money due Sammis from Talbott's estate prior to 1900. McMillen's rights in the premises, if any such he has, arose after the judgment was rendered in the original proceeding, as it appears, that the garnish-

ment proceeding did not arise for more than three years after the judgment was rendered, or December 24, 1900.

McMillen alleges in his intervening petition that in 1897 Sammis entered into a verbal contract with him employing him as his attorney to conduct such litigation as might be necessary to secure a claim which he, Sammis, had against the Talbott estate; that McMillen performed the services for which he was employed and by a long series of litigation through the probate court, the district court and the Supreme Court secured a decree in favor of Sammis and against the Talbott estate for $347.88 and an order for the sale of real estate belonging to the estate for the payment thereof. This judgment was rendered on the seventeenth day of March, 1900. An appeal was taken from this judgment but being compromised, it was dismissed and the decree became final. The money had not been paid over to Mc-Millen who had an undoubted right to receive it for his client, nor had it been paid to his client when the execution was sued out and under it garnishment proceedings were instituted against John A. Lee, the executor of the estate of Talbott, deceased.

The intervenor, McMillen, insists that his contract was fully performed and that he was entitled to one-half of the amount of money for which he secured judgment against the Talbott estate, when the decree became final and before the garnishment of the executor whose duty it was to pay over the money. In other words, that from the date this judgment became final, he was the legal and equitable owner of one-half of the amount of that judgment before the garnishment proceedings were instituted, and, therefore, his rights attached to one-half of this money prior to the garnishment. The intervenor further insists, that he has a right in this proceeding to set up his right either legal or equitable, and further insists that the judgment creditor has a right to recover in this proceeding only the one-half of the money which Sammis was entitled to. Counsel for

appellee denies the right of intervention, upon the ground that the petition was not filed prior to the rendition of the original judgment, and that the intervenor had no interest in the subject-matter of the litigation which resulted in the original judgment. This position seems to be sound, when applied to a proper case, but we are of the opinion that it is not applicable to the case now before us. Garnishment proceedings under an execution as well as under an attachment, constitute a separate and distinct proceeding from the original action, and may involve parties who were in no way parties to the action in which the original judgment was rendered. Under section 2007, Compiled Laws, 1897, the garnishee is required to make answer in writing and under oath, and in the event of his failure to answer, judgment by default may be taken. Section 2710 provides for the plaintiff's denying the allegation of the answer and joining issue upon it, and the statute then says, that the issue "shall be tried as ordinary issues between plaintiffs." One of the issues to be tried is, whether any property or effects of the defendant is in the hands of the garnishee. Under section 3107, Compiled Laws, 1897, a similar trial occurs, under similar circumstances, where the garnishment is in connection with an attachment proceeding. Where, therefore, the answer of the garnishee raises an issue for trial and judgment, it would seem to bring the case within the statute authorizing an intervention prior to judgment, where the intervenor disclosed in his petition an interest in the subject-matter of the garnishment proceedings.

It will be observed that the answer of the garnishee, which discloses that Sammis gave him a written order to pay the exact amount for which the intervenor recovered the decree, directing the garnishee to pay the full amount to the judgment creditor; alleges that he declined to pay the money to the judgment creditor, because of information which he had received that

the intervenor, McMillen, claimed some interest in the fund, and he did not feel at liberty to pay the same upon the order of Sammis, but that he paid the money into court and asked to be discharged. The intervening petition of McMillen discloses the interest which he claims in the fund which has now been placed in the hands of the court for distribution. This answer is not a simple admission that at the time the garnishment proceedings were instituted, the estate did owe the judgment debtor $347.88, and while that statement is made in the answer, it is coupled with matters which the judgment creditor cannot admit. If he admits that the intervenor, McMillen, has an interest in this fund, he can not take judgment as by default for the entire amount. This answer, therefore, raises an issue which it was the duty of the court to hear and determine as in other cases, but it does more than this, it lays a foundation for an intervenor to show what interest, if any he has, in the fund which the garnishee had in his possession and has transferred to the court to be disposed of by judgment. If the position that McMillen's right to either the legal or equitable ownership of one-half of the fund prior to the garnishment is sound, he has a right to disclose that interest in the subject-matter by intervention in the garnishment proceeding. Indeed, the answer of the garnishee in effect makes him a proper party to the proceeding as under the code of this Territory, the real parties in interest should be the parties to the cause. There is but one form of action in this Territory, the common law names having been abandoned under the code, and it becomes immaterial whether the petition of the party in interest be termed a petition for intervention or not, if the fact of interest in the subject-matter, is disclosed.

It is objected that an attorney has no lien upon his client's money in case of a recovery of judgment, and, therefore, McMillen can not recover any part of the fund

under his contract. It is doubtless true, that there is no attorney's lien under the laws of this Territory upon the money of the client, for which an attorney may have recovered judgment and rendered services, but is it undoubtedly true, that if Sammis entered into the contract which McMillen alleges he did, and a judgment was recovered and the same had become final, that McMillen would have a right to receive, as attorney, the entire amount recovered by the judgment and receipt for the same to the executor of the estate, and in the event that the money was paid to him, as such attorney, the client, Sammis, would only be entitled to receive from the attorney one-half of the amount recovered. If he brought suit against his attorney to recover the whole amount of the proceeds of the judgment, he would be defeated upon the ground, that, under his contract, the attorney was the owner of and had a legal right to one-half of the amount recovered. Friscal v. Haile, 18 Mo. 18.

It may be suggested here, that if the executor had paid the entire proceeds of the judgment to Sammis prior to the intervention, and the answer of the garnishee had disclosed such fact, that the intervenor would have no standing in court, nor interest in the subject-matter, as he had no lien upon the money prior to such payment. St. John v. Diefendorf and Allen, 12 Wend. 261; Mitchell v. Oldfield, 4 Term. R. 124. It is not an attorney's lien that the intervenor relies upon in this case, it is his right to one-half of the fund—the money not having been paid over to either party—at the time the petition for intervention was filed, and the same being turned into court under an answer of the garnishee, which substantially makes it the duty of the court to adjudicate the rights of the intervenor and the judgment creditor, and which, if the money had not been paid into court, would have involved the rights of the assignee also, as to the ownership or to whom the money in his possession should be paid. The position of the intervenor is this, that inasmuch as he was the owner of one-half of the

amount of the .decree, recovered prior to the garnishment, under his contract with Sammis, his rights having fully matured as between himself and his client, and in a suit between himself and Sammis, the judgment creditor, Sammis could only recover one-half of the amount for which decree was rendered; that the rights of the garnisher did not rise above or extend beyond those of the debtor, and he can have no relief either against the garnishee or the intervenor, that his debtor could not enforce. The garnishee stands in the shoes of his debtor, and can assert only the rights of the latter, and all defenses either legal or equitable of the garnishee or third parties may be interposed against the garnisher that might have been set up against the debtor. In other words, that the receiver in this case stands in the shoes of the judgment debtor, Sammis, and is only entitled to recover so much of this fund as the judgment debtor owned and could recover in a suit against the attorney in the event the full amount had been paid to the attorney.

Under the code of this Territory, a plaintiff may unite in the same complaint several causes of action, "whether the same are legal or equitable or both," where the same arise out of the same transaction, or transactions connected with the same subject of action. Subsection 33, of section 2685, Compiled Laws, 1897. And a defendant may set up by way of answer or counterclaim both legal and equitable defenses. Subsection 41 of section 2685, Compiled Laws, 1897.

In McLaughlin v. Swan, 18 How. 217, in speaking of appropriate defenses in garnishment proceeding, the court said:

"We express no opinion upon the defenses supposed to arise out of the facts found in the opinion of the chancellor. If the facts, which may be proved in defense, on another trial, should amount to a legal defense

to an action for money had and received, if brought by the canal company, they should also amount to a defense to this attachment. If they only show outstanding equities in third persons, of a character that a court of law can not take notice of them, they must be availed of, if filed, by a bill brought by said third persons against McLaughlin, or by plaintiff with the same right of action which belonged to the canal company; and no defense which could not have been made at law to an action by the company, çan be made to the attachment, which is but a substituted mode of pursuing the same right."

Again on page 223 the court says:

"We are not aware that this subject has come under the examination of the courts of Maryland in any reported case. But in a State where the legal and equitable jurisdictions are distinct and in a court of the United States, having full equity powers, we consider that a garnishee should stand as nearly as possible in the same position he would have occupied if sued at law by his creditor; *and if he, or any third person has equitable rights to the fund in his hands,* they should be asserted in the jurisdiction which alone can suitably examine and completely protect them."

In the original suit in this case, the plaintiff McLauglin recovered a judgment as against the Chesapeake & Ohio Canal Company, and garnished James Swan and others who were the holders of certain bonds, as trustees for the company. The doctrine laid down in this case, as we understand it, is, that where the court has equitable jurisdiction, the equitable rights of the garnishee or any third person to funds in the hands of the garnishee may be asserted in a controversy as to the distribution of that fund.

In Milwaukee Railway v. Brooks Works, 121 U. S. 430, the court said:

"Hoyt is not a party to this proceeding, but it is competent for Stewart and Abbott, as garnishees, to represent his right in their own defense; for, if in law they are liable to Hoyt, they are not liable to the present defendant in error, and in protecting their own interests, it is proper for them to assert the right of Hoyt if they are in law liable to him."

Counsel claims this case to be in point, for the reason that the original intervening petition was filed and brought to the attention of the garnishee, long before his answer was filed and the money was paid into court by him; that his answer discloses the fact that he was aware of this proceeding, and, therefore, substantially sets up the claim of the intervenor, to be heard at least, as to any rights which he might have in the fund in the possession of the garnishee. Therefore, in a suit by the judgment creditor against the garnishee having notice of the claim of M'cMillen to one-half of the fund in his possession he could successfully defend against the suit by setting up the rights of McMillen, or McMillen could intervene in that suit and establish his right to one-half of the money. In Schuler v. Israel, 120 U. S. 506, the court says: "and, as a garnishee is only compelled to be responsible for that which, both in law and equity, ought to have gone to pay the principal defendant in the main suit, he can set up all the defenses in this proceeding which he would have in either a court of law or a court of equity."

In Rolling Mill Company v. Ore & Steel Company, 152 U. S. 596, it is said: "The proposition here laid down is in harmony with the generally recognized principle that the rights of the garnisher do not rise above or extend beyond those of his debtor; that the garnishee shall not, by operation of the proceedings against him, be placed in any worse condition than he would have been in had the principal debtor's claim been enforced against him directly; that the liability legal and equitable, of the garnishee to the principal debtor is a meas-

ure of his liability, to the attaching creditor, who takes
the shoes of the principal debtor and can assert only the
rights of the latter."

The doctrine laid down in the cases above cited, is
applicable to this case, and under the authority of those
cases, the right of the garnishee of the estate of Talbott
to set up the fact that McMillen claimed an interest in
the fund, seems to be clear.   Indeed, it would seem to be
his duty to do so, as by the petition for intervention he
was made aware that McMillen asserted a right to one-
half of the funds in his hands.   Succinctly stated, the
proposition submitted to the court for determination,
by the answer of  the garnishee and  the petition for
intervention, was, whether the order of Sammis above
referred to, was a superior claim to that asserted by Mc-
Millen for one-half of the money.   If the facts set up in
the intervening petition are true, the order given by
Sammis should be disregarded.   The fact that the order
specifies the exact amount for which final judgment was
obtained, shows that Sammis was aware at the time he
drew the order for the exact amount which, by Mc-
Millen's efforts he recovered from Talbott's estate, and
his order simply amounts to an effort on his part to de-
feat his attorney from obtaining the amount, which un-
der his contract, Sammis had agreed he should have,
therefore his action in this respect, was thoroughly in-
equitable.   By the allegations of  the petition  the
superior equity of McMillen's claim satisfactorily ap-
pears, and the right of McMillen to be heard in this pro-
ceeding, whether his.claim was legal or equitable, can
not be doubted.

Wylie v. Coxe, 15 Howard 415; Wright v. Tebbitts,
91 U. S. 254; Stanton v. Embrey, 93 U. S. 556.

In the court below, a motion was filed to strike the
amended petition for intervention from the files, upon
the ground that the petition did not state facts authoriz-
ing an intervention, and that the same was improperly
filed.   We are of the opinion that the amended petition

stated sufficient facts, under the circumstances of this case, to warrant its being filed, and the court should have overruled the motion and proceeded to try the issues raised by the answer of the garnishee and the intervening petition.  In sustaining the motion to strike out the amended petition for intervention and giving judgment in favor of the judgment debtor for the entire amount of money in the hands of the court, and ordering the same paid to him, less the costs, the court erred, and the cause must be reversed and remanded with directions to the court below to reinstate the cause, overrule the motion to strike the amended petition from the files, and proceed with the trial of the cause as the law requires in other cases of garnishment.  And it is so ordered.

Mills, C. J., Parker, and Baker, JJ., concur.