686 P.2d 954

**CENTRAL ADJUSTMENT BUREAU, INC., a New Mexico Corporation, and Vista Sandia Hospital, Plaintiffs-Appellants Cross-Appellees,**

v.

**Corrine Vener THEVENET, Defendant,**

**and**

**Equitable Life Assurance Society of the United States, Garnishee,**

**Stanley E. Thevenet, Appellee Cross-Appellant.**

**No. 14903.**

Supreme Court of New Mexico.

Aug. 30, 1984.

Harold D. Stratton, Jr., Albuquerque, for plaintiffs-appellants, cross-appellees.

Louis J. Vener, Albuquerque, for appellee, cross-appellant.

## OPINION

WALTERS, Justice.

Plaintiffs Central Adjustment Bureau and Vista Sandia Hospital (Central Adjustment) obtained a default judgment against defendant Corrine Vener Thevenet for a debt on an open account. When they were unable to collect from Corrine, a garnishment was issued and a judgment entered against Equitable Life Assurance Society (garnishee), the employer of defendant's husband, Stanley Thevenet (Stanley). A judgment against garnishee in the amount of one-half of twenty-five percent of Stanley's disposable income each pay period ultimately was entered in favor of plaintiffs.

Because some of the issues raised on appeal concern procedural matters, we detail the history of this action. Stanley moved to intervene in the garnishment proceedings to quash the writ. The motion was denied and Stanley petitioned this Court for a writ of prohibition and an order quashing the writ of garnishment. We issued a writ in that cause, No. 14,511, ordering that "all garnishment orders that relate to [Stanley Thevenet] * * * are directed to be set aside and held for naught," and remanding the cause for an evidentiary hearing on the marital status of Corrine and Stanley Thevenet, the nature of the debt, and Corrine's interest in her husband's salary.

Following a hearing on the mandate, the trial court on December 13, 1983, vacated its earlier order and judgment, and awarded $1776.00 to Stanley for services rendered by his attorney in the prohibition proceeding. The December 13th order was subsequently vacated to allow findings of fact and conclusions of law to be filed. A second order was entered in February which again set aside all garnishment or-

ders relating to Stanley, and awarded Stanley an attorney's fee of $1776.00.

It is from this February order that Central Adjustment appeals even though, prior to filing the notice of appeal, the trial court once again set aside and vacated the February order to allow filing of findings and conclusions, entering a "final" judgment on March 14, 1983. In the March judgment the trial court incorporated its findings and conclusions and entered the garnishment order against Stanley's employer as described above. Central Adjustment was also awarded an attorney's fee in accordance with NMSA 1978, Section 35–12–16(A).

Central Adjustment appeals the trial court's award of an attorney's fee to Stanley. Stanley cross-appeals, arguing that the trial court erred in entering a judgment for Central Adjustment against garnishee.

Against this background, the following issues on appeal and cross-appeal are raised:

(1) Whether the trial court exceeded its jurisdiction in awarding an attorney's fee to Stanley.

(2) Whether setting aside all garnishment orders amounted to a "quashing" of the writ of garnishment so that the trial court's judgment of March 14 was without a writ upon which to act.

(3) Whether the wages of one spouse can be garnished to pay the separate debt of the other spouse if the debtor spouse's separate property is not sufficient to satisfy the debt.

(4) Whether the New Mexico garnishment statute is void because it fails to provide due process for persons whose property is garnished.

**1. Award of Attorney's Fee**

The district court exceeded the mandate by awarding attorney's fees to Stanley for services performed by his attorney in obtaining the writ of prohibition.

[D]istrict courts have only such jurisdiction on remand as the opinion and mandate of an appellate court specifies * * *. It is well settled that the duty of the lower court on remand is to comply with the mandate of the appellate court, and *to obey the directions therein without variation,* even though the mandate may be erroneous.

*Vinton Eppsco Inc. of Albuquerque v. Showe Homes, Inc.,* 97 N.M. 225, 226, 638 P.2d 1070, 1071 (1981). (Citations omitted.) In this matter, we remanded for an evidentiary hearing on specific questions. Whereas it was implicitly intended that the trial court take action of some sort upon the facts adduced at the hearing ordered, we said nothing in our mandate about awarding attorney's fees.

In the absence of an authorizing statute or rule of court, or the applicability of an exception as discussed in *Aboud v. Adams,* 84 N.M. 683, 507 P.2d 430 (1973), attorney's fees are not recoverable. *Southern Union Exploration Company v. Wynn Exploration Company, Inc.,* 95 N.M. 594, 624 P.2d 536 (Ct.App.1981).

NMSA 1978, Civ.P.Rule 27(B) (Repl. Pamp.1984), provides, however, that appellate courts may award attorney's fees where permitted by law or "may award such other costs as, in its judgment, may be deemed proper."

Through oversight, we neglected to award an attorney's fees when we issued our writ in Cause No. 14,511. We are satisfied that Stanley Thevenet's counsel proved at the December 13, 1982, hearing in the trial court that he had earned an attorney's fee for his successful services in the prohibition proceeding. It cannot be questioned that, upon the Court's own motion or upon motion of any of the parties, the Court may recall its mandate to correct or clarify a matter inadvertently overlooked. *Southwestern Inv. Corp. v. City of Los Angeles,* 38 Cal.2d 623, 241 P.2d 985 (1952); *cf. Weeks v. Lister,* 62 N.J. Eq. 813, 53 A. 1125 (1901). We do so now on our own motion; and upon the record made in the trial court on the matter of Thevenet's attorney's fees for services in this Court, we modify the mandate in Cause No. 14,-

511 to grant such attorney's fees to Thevenet's counsel in the amount of $1500.00, plus costs of $68.60.

### 2. Status of the Writ

There is no merit to cross-appellee Thevenet's claim that because the trial court's December 13, 1982, order quashed the writ, there was nothing to support the trial court's judgment of March 14, 1983.

The December 13th order quashing the writ was vacated on December 15th to permit filing of findings and conclusions concerning award of an attorney's fee. It was replaced by an order of February 10, 1983 which set aside all garnishment orders relating to Stanley Thevenet and awarded a fee to his attorney. The February 10th order subsequently was vacated so the parties could submit findings and conclusions on the merits of the garnishment action, and in March, 1983, the court filed its findings and conclusions and a judgment on the merits.

■ None of the trial court's orders or judgment, subsequent to the order of December 13, 1982 which was set aside, provided for dissolution of the writ. That provision in the December 13th order was effectively retracted by the court's proper exercise of its jurisdiction, on December 15th, over its orders and decrees within the 30-day period after entry. NMSA 1978, § 39–1–1.

The trial court correctly proceeded to final judgment on a valid writ of garnishment in this matter.

### 3. Wages of Non-debtor Spouse

The trial court's findings that Corrine's debt to Central Adjustment was her separate debt, that Central Adjustment had exhausted all possibilities of collecting the judgment from Corrine's separate property, that Stanley and Corrine had been married since 1973, and that Stanley's salary from garnishee was community property, are not contested. The question is whether the trial court properly applied NMSA 1978, Section 40–3–10 (Repl.Pamp.1983), in concluding that one-half of twenty-five percent of Stanley's disposable income, representing Corrine's community property interest in her spouse's non-exempt income under NMSA 1978, Section 35–12–7 (Cum. Supp.1983), was available to satisfy Corrine's debt to Central Adjustment.

Section 40–3–10(A) provides:

The separate debt of a spouse shall be satisfied first from the debtor spouse's separate property, excluding that spouse's interest in property in which each of the spouses owns an undivided equal interest as a joint tenant or tenant in common. Should such property be insufficient, then the debt shall be satisfied from the debtor spouse's one-half interest in the community property or in property in which each spouse owns an undivided equal interest as a joint tenant or tenant in common * * *.

Stanley relies on *Field v. Sammis*, 12 N.M. 36, 73 P. 617 (1903), to assert that the garnishee can have no greater liability to a creditor than he has to the defendant debtor. Although he acknowledges that a spouse has a vested interest in "tangible" community assets, he contends that because wages normally are payable only to the person who has earned them, as a matter of public policy one spouse should not be able to demand from an employer one-half of the other spouse's wages. Stanley's position is that since Corrine should not have been able to obtain payment of one-half of his wages, neither should Central Adjustment, her creditor, have the right to garnish his wages in order to satisfy their judgment against Corrine.

The law does not support Stanley's arguments. The Court of Appeals declared in *Herrera v. Health and Social Services*, 92 N.M. 331, 587 P.2d 1342 (Ct.App.1978), that a wife has a "present, vested, one-half interest" in her husband's income. *Id.* at 334, 587 P.2d at 1345. In *Duran v. New Mexico Dept. of Human Services*, 95 N.M. 196, 619 P.2d 1240 (Ct.App.1980), it again observed that "the wife has income equal to one-half the total community income re-

gardless of what proportion of that income is actually paid to that spouse in the form of wages or rents." *Id.* at 200, 619 P.2d at 1244. *Duran* noted that the wife does not have a mere "technical income" from her husband's earnings; her one-half share in the community income is sufficient to provide the legal basis for her "creditor" daughter's claim on that one-half interest. 95 N.M. at 201, 619 P.2d at 1245. *See also McDonald v. Senn,* 53 N.M. 198, 204 P.2d 990 (1949); *Beals v. Ares,* 25 N.M. 459, 185 P. 780 (1919).

 Considering the wife's vested one-half interest in all of the community property, the provisions of Section 40–3–10, the trial court's findings that the creditor had exhausted the possibilities of recovering the debt from Corrine's separate property, and that Stanley's income was community property, we hold that the trial court correctly concluded that one-half of Stanley's income from garnishee was available to satisfy Corrine's debt to Central Adjustment.

### 4. Due Process

Stanley finally argues, citing *Finberg v. Sullivan,* 634 F.2d 50 (3d Cir.1980), that the holdings of the United States Supreme Court with respect to the due process requirements of pre-judgment garnishments apply also to post-judgment garnishments. According to *Finberg,* we are urged, NMSA 1978, Section 35–12–1, as applied to post-judgment garnishments, fails to provide (1) the required proper notice to the person whose property is to be seized, and (2) opportunity for a prompt hearing. Stanley further contends that the New Mexico garnishment statute unlawfully allows the seizure of the property of a third person, not just of the property of the judgment debtor.

These arguments are answered by our holding that one-half of Stanley's income is available to satisfy Corrine's separate debt, because Corrine has a legally recognized interest in one-half of Stanley's income. Consequently, Central Adjustment moved to effect a post-judgment gar-

nishment of its judgment debtor's (Corrine's) property, not Stanley's. Corrine has not claimed that she was denied due process; Stanley is without standing to raise that argument for Corrine. *See Campbell v. Benson,* 97 N.M. 147, 637 P.2d 578 (Ct. App.1981). Under such circumstances, the New Mexico garnishment statutes did not operate to deprive Stanley of his property without affording him due process of law. *See Komm v. Dept of Soc. & Health Serv.,* 23 Wash.App. 593, 597 P.2d 1372 (1979).

The judgment of the district court is affirmed. An award of attorney's fees in Cause No. 14,511 in the amount of $1500.00, plus costs of $68.60, to Stanley Thevenet's attorney is granted.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.