OPINION OF THE COURT
The one question presented by this appeal is whether or not a succession tax under chapter 179, Laws of 1921, is payable upon the interest of a deceased wife in community property, the husband surviving.
Section 2, c. 179, Laws of 1921, provided: "All estates (of deceased persons) which shall pass by will or inheritance or by other statutes * * * shall be liable to" a succession tax.
The question then narrows down to this: Does the surviving husband take the wife's interest in the community property by "inheritance" or "other statutes" within the meaning of the Act of 1921? In this state the wife has no testamentary power over any part of the community property.
An examination of the history of community property legislation in this and other states might prove interesting and instructive; but, as we view the matter, it is neither necessary nor helpful in the present case for the reason that we have before us a matter of statutory construction only. By chapter 37 of the Laws of 1907, the Legislature of this state undertook to treat the whole matter of the property rights of husband and wife. Entitling the act "An Act in Relation to Property Rights of Husband and *Page 260 
Wife," the Legislature endeavored to define the mutual obligations and duties of the spouses during the continuance of marital relation; it dealt with their rights to contract, treated the matter of their separate property, separation agreements, earnings, liability for debts, and the management of the community property during coverture; it abolished dower and courtesy, provided for the eventuality of the death of either spouse; and even went so far as to authorize a judicial change of the head of the community when the husband became disqualified. In other words, the act seems to be a comprehensive effort to define and treat the subject of community property, and so far as the present inquiry is material, its pertinent sections are as follows:
Section 7 (section 2756, Code 1915, under title, "Husband and Wife"):
"May be Joint Tenants, etc.
"Husband and wife may hold property as joint tenants, tenants in common, or as community property."
Section 10 (section 2764, Code 1915, under title "Husband and Wife"):
"Community Property — Conveyances by Married Women. * * *
"All other property acquired after marriage by either husband or wife, or both, is community property; but whenever any property is conveyed to a married woman by an instrument in writing the presumption is that title is thereby vested in her as her separate property. And if the conveyance be to such married woman and to her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her, as tenant in common, unless a different intention is expressed in the instrument. * * *"
Section 26 (section 1840, Code 1915, under title "Descent and Distribution"):
"Distribution of Common Property on Death of Wife.
"Upon the death of the wife, the entire community property, without administration, belongs to the surviving husband, except such portion thereof as may have been set apart to her by a judicial decree, for her support and maintenance, which portion is subject to her testamentary disposition, and in the absence of such disposition, goes to her descendants, or heirs, exclusive of her husband." *Page 261 
Section 27 (section 1841, Code 1915, under title "Descent and Distribution"):
"Distribution of Common Property on Death of Husband.
"Upon the death of the husband one-half of the community property goes to the surviving wife and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition goes one-fourth to the surviving wife and the remainder in equal shares to the children of the deceased and further as provided by law. In the case of the dissolution of the community by the death of the husband the entire community property is equally subject to his debts, the family allowance and the charge and expenses of administration."
Section 28 (section 1842, Code 1915, under title "Descent and Distribution"):
"Further Succession to Property.
"Subject to the provisions of sections 1840 and 1841 of this article when any person having title to any estate, not otherwise limited by marriage contract, dies without disposing of the estate by will, it is succeeded to and must be distributed subject to the payment of his debts in the following manner: One-fourth thereof to the surviving husband or wife and the remainder in equal shares to the children of decedent and further, as provided by law."
It is evident that the title to community property is a different and distinct thing from either tenancy in common or joint tenancy. What are the incidents or attributes of the community title? We must look to the statute for our answer, instead of to the common law, as we might in cases of either of the other two classes of tenancy, both of which are known to the common law. Community property is, however, a concept foreign to the English common-law system, and with us is a creature of statute.
Certain peculiarities incident to community property are mentioned in the statute. It is optional with the spouses to take otherwise than as tenants of the community estate. Where the wife's name is inserted as grantee or one of the grantees in the conveyance of real estate, the presumption is against the intention to create community property thereby, as it is apparently not favored as to the wife, and yet the opposite is true as to the husband. Again, the wife is denied testamentary power of disposition of her interest in the community property, while the husband is possessed of the power to control by will the disposition of one-half thereof but is powerless to affect the wife's *Page 262 
interest where she survives him. The husband, if he survives the wife, is not required to administer upon the community estate, the entire corpus of which belongs to him without administration, and yet the wife must submit to administration upon the community estate if she survives the husband. The husband is the manager of the community property, with control as complete as he has over his separate estate (except for certain restrictions in conveyancing and as to testamentary power over the one-half part thereof), and yet where he becomes incompetent, under section 29 of the act (Code 1915, § 2767), provision is made to substitute the wife as head of the community in his place.
Community estate is a marital estate, incapable of existing except between husband and wife during coverture. Upon divorce, the spouses become substantially tenants in common; upon death of either, the estate terminates and a separate estate results, always subject to community debts and charges.
Coming now to a consideration of sections 26 and 27, supra, which are sections 1840 and 1841 of the Code of 1915, as we will speak of them hereinafter, what effect are we to give to the action of the codifiers in placing them under the general heading "Descent and Distribution," while sections 7 and 10, supra (sections 2756 and 2764 of the Code of 1915), are found under the heading "Husband and Wife"? Are sections 1840 and 1841 statutes of descent and distribution, in their entirety, or are they statutes which operate to fix and determine the nature of community property immediately upon its acquisition by the spouses as a community, in so far as they treat of the rights of the husband and wife in that species of property? Are we to determine the legislative intent, as expressed in these enactments, from the substance of the several sections, or shall we simply consult the headnotes over each section, which, as to sections 1840 and 1841, use the term "Distribution of Common Property?"
When the Legislature enacted this statute it was, and still is, the general rule and course of society for the husband to manage the business affairs and property of the *Page 263 
community, and for the wife to make and keep the home of the family. The husband generally incurs the debts of the community and must either pay them, or the creditors of the community may subject its assets to their claims. The death of one spouse brings a different train of immediate consequences to the common property from that effected by the death of the other. In either case, the community is dissolved. But where the husband dies, the business must be liquidated, community debts must be paid, and distribution must be made pursuant to the terms of the husband's will, if he leaves one, and otherwise according to law. Administration is absolutely necessary to effect these results. On the other hand, where the wife dies, while the family life is shattered there is no necessity to liquidate the business of the community for the reason that the community assets and the management thereof remain intact, the community debts continue, and the assets and debts become separate estate and separate debts of the husband. Unless to distribute an interest to the wife's heirs, administration would be futile. The statute, therefore, provides in the inception of the community estate for the ceasing of the wife's interest on her death. No other course would be logical unless the lawmakers desired to add to the sorrows of a bereaved husband the further burden of the enforced liquidating of his business affairs upon the death of his wife.
As the Legislature has recognized the estate known as joint tenancy, wherein as an incident there is the vesting of the entire estate in the survivor, not by inheritance but by virtue of the creation of the estate, so it has created another and different class of tenancy known as community property, wherein this right of survivorship inures as to the entire estate in the husband, if he survives, but only as to the half if the wife survives. We know of no reason to suppose that such a statute is not within the lawmaking power, especially where it creates a marital or community estate. If the wife has not been fairly treated in the matter, the Legislature is the department of government to which she should appeal for more exact justice.
It is evident that our statute, chapter 37 of the Laws of 1907, creates and defines the community estate with *Page 264 
such incidents as we have discussed, among them being the right of survivorship in the husband as to the whole of the community property, and that it dispenses with administration as illogical and unnecessary. The use of the words "Distribution of Common Property" as headnotes to sections 1840 and 1841, and the codification thereof under the heading "Descent and Distribution," do not change the effect we have mentioned nor alter the evident purpose of these sections to establish and define the nature of the community title and the effect upon it of the death of either spouse. We accordingly hold that, in so far as they prescribe the respective rights of husband and wife as the survivor of the community, sections 1840 and 1841 are not statutes of "inheritance" or of "descent and distribution."
Concluding thus, that the death of Elizabeth Chavez resulted, as to her interest in the community property, in no "inheritance" by appellee, we have still to inquire whether such interest constitutes an estate of a deceased person passing to him by "other statute."
It cannot be questioned that appellee is now the owner of this community property by virtue of section 1840; not the owner of one-half of it, as contended by the state, but the owner of all of it. Under the familiar rule of ejusdem generis, the term "other statutes" is limited to other forms of passing similar to or in the nature of a "passing" by will or by inheritance. The expression would seem at first blush to be broad enough to cover the "passing" which takes place upon the death of one of the spouses who are seized as joint tenants. Yet abundant authority is available to show that such a "passing" is not within the scope of inheritance tax statutes, unless expressly included. So, unless we were to say, which we cannot, that the term "other statutes" includes the devolution of estates in joint tenancy, there is no justification for saying that it includes the devolution, similar in principle, of community property to the surviving husband.
The rule of ejusdem generis is but a canon of construction. If it were made plain by the statute of 1921 that community property was included, canons of construction *Page 265 
would not be resorted to. But a careful reading of the statute fails to disclose anything upon which to base a reasonable contention that the Legislature, in enacting it, had in mind the consequences or the procedure of assessing and collecting the tax on the occasion of the dissolution of the community by death of the wife.
Nor do the conclusions we have reached in this case conflict with the principles announced in Beals v. Ares, 25 N.M. 499,185 P. 780, nor Baca v. Belen, 30 N.M. 546, 240 P. 803, 805. In the former case we had before us the question of dividing the community property between the living spouses whose community was destroyed by divorce. In that case we held that the wife's interest in the community property was equal to that of the husband, and regardless of the fact that the statute makes him manager of the community, his rights were not superior to hers. There was no question in that case as to what their respective rights may have been in case either had died during the existence of the community. We know of no reason why the Legislature is not able to provide survivorship in favor of one spouse and deny it to another while recognizing that so long as they live and remain members of the marital community the rights of one are not of an inferior nature to those of the other. In Baca v. Belen, supra, we defined the rights of a wife in the community property during coverture as "a present, existing, vested interest, equal in all respects to the interest of the husband," following Beals v. Ares, supra. The question before us in the Baca Case was whether or not a married woman, living with her husband who had paid a property tax on community property, could vote in a bond election as a property owner. We need not question the soundness of either of the two cases when we confine them to exactly what they decided.
Holding, as we do, that there was no estate of the wife which survived her death, none could be taxable, and it becomes unnecessary to discuss the right of the state to seek administration to enforce the tax. Finding no error in the judgment of the district court, it should be affirmed, and the cause remanded; and it is so ordered.
WATSON and CATRON, JJ., concur. *Page 266