[L. A. No. 13207. In Bank.—July 16, 1934.]

RAY L. RILEY, as Controller, etc., Appellant, v. ALBERT C. ROBBINS et al., Respondents.

David Tannenbaum and W. H. H. Gentry for Appellant.

Dempsey and Mackay and Howard W. Reynolds for Respondents.

THE COURT.—These proceedings were commenced by the petition of Ray L. Riley, State Controller, for determination of the inheritance tax due on property left by Hortense L. Robbins, who died intestate on or about August 12, 1929. The court appointed an inheritance tax appraiser, who reported that the personal property left by the decedent was, at the time of her death, of the total market value of $436,310.19; that allowable deductions amounted to $9,952.41; that "the clear market value subject to tax" was $434,319.71; that the property passed share and share alike to the respondents (surviving husband and adult son and daughter) and that each share was subject to an inheritance tax of $5,784.13, the total tax being $17,353.39. The respondents objected to the report and appraisement on the ground that expenses of the decedent's funeral and last illness were not allowed as deductions from the market value of the taxable property. Hearing was had, the respondents' objections were sustained and judgment was entered allowing the deductions of $11,595.15, the stipulated amount of funeral and last illness expenses, from the figure shown by the appraiser as the clear market value subject to tax, thus reducing the tax to $16,540.71, the share of each respondent becoming $5,513.57. From this judgment allowing the deduction the petitioner has appealed. It was stipulated that the expenses of the funeral and last illness were paid by the decedent's husband and that he was financially well able to pay them.

The appellant contends that, inasmuch as the husband is obligated to pay these expenses without being entitled to be reimbursed from the estate of the wife (which is conceded by the respondents), these items were improperly allowed as deductions.

Prior to amendment on August 14, 1929, section 2 of the Inheritance Tax Act (Stats. 1921, p. 1500, as amended in 1925 and 1927 [Codes and Gen. Laws, Deering's Consol. Supp. 1925–1927, p. 2027]) provided:

Section 2. "A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations not hereinafter exempted, to be paid to the treasurer of the proper county, as hereinafter directed for the use of the state, *said taxes to be upon the market value of such property* at the rates hereinafter prescribed *and only upon the excess over the exemptions hereinafter granted, in the following cases:*

"(1) When the transfer is by will or by the intestate or homestead laws of this state. . . .

"(10) Deductions from appraised value. In determining the market value of the property transferred, *the following deductions* and no others *shall be made from the appraised value* thereof:

"(b) Expenses of funeral and last illness."

It is the theory of appellant that subdivision (10) is a limitation on the actual expenses or charges on the estate which may be allowed in computing the tax and not an arbitrary establishment of deductions which shall be allowed regardless of whether the property transferred has been lessened thereby. We are asked to construe subdivision (10) and paragraph (b) thereof in the light of the act as a whole, and its allegedly manifest intent to tax the net beneficial interest passing to the transferee, and to hold that subdivision (10) of section 2 means, when it says "the following deductions and no others shall be made", that the enumerated deductions shall be made only when they are an actual charge on the estate of the decedent and allowable as such in probate and administration proceedings.

We cannot so disregard the plain mandate of the statute. The direction to make the deduction is clear and unambiguous on its face, nor does any conflict or uncertainty arise when read in the light of the other deductions allowed, as appellant has contended. The most that can be said is that apparently the legislature was prompted by other and different considerations when including this deduction in its enumeration. ■ Where the meaning of the statute is

plain there is no room or justification for judicial interpretation, and the only function of the court is the application of the enactment to the facts at bar. (*Sandelin* v. *Collins, ante,* p. 147 [33 Pac. (2d) 1009].) We are satisfied that to give effect to the construction urged by the appellant would be an invasion of the province of the legislature.

The judgment appealed from is affirmed.

Rehearing denied.

Tyler, J., *pro tem.,* dissented.