262 P.2d 990 (1953)
57 N.M. 710
In re STUTZMAN'S ESTATE.
STUTZMAN
v.
BUREAU OF REVENUE.
No. 5686.
Supreme Court of New Mexico.
November 3, 1953.
John B. Wright, Raton, for appellant.
Chester A. Hunker, Santa Fe, for appellee.
SEYMOUR, Justice.
This matter arises upon assessment of tax by the Succession Tax Division of the Bureau of Revenue of the State of New Mexico in the estate of Frank A. Stutzman, deceased, to which assessment, executrix filed objections. The matter was heard by the district court after removal from the probate court upon an agreed statement of facts.
The formal assessment of tax, insofar as relevant, is as follows:

"Valuation:
Appraised value of estate in
 Community $146,489.73
Appraised value of estate
 elsewhere Separate 60,000.00
Total Value of Decedent's
 Estate $206,489.73
Deductions:
Indebtedness against the estate
 in New Mexico $ 1,032.12
Administrator's commission
 and attorney's fees 13,624.48
Expenses of administration 85.00
Expenses of last illness, funeral
 and monument 828.91
Total Deductions Allowed 15,570.51
Net (Liquid) Value of Estate $190,919.22
Exemptions:
Community interest (½ of
 net value) $ 65,459.61
Statutory exemption (Pro-rata) 10,000.00
Total Exemptions Allowed 75,459.61
Net (Taxable) Value of Estate $115,459.61
Computation of Tax:
Share of estate passing to
 Class 1 heirs $115,459.61
 1% $ 1,154.60
Total Tax Due and Payable
 to the State of New Mexico $ 1,154.60"

*991 Appellant contended in the court below that the assessment should be corrected in the following respect: That as assessed, exemptions specified in Sec. 34-103, 1941 Comp. have been deducted from the valuation of the entire community estate; that such deductions should have been allowed only against the estate of decedent, and as to community property, only against decedent's one-half interest therein.
The trial court rendered the following judgment:
"I That the funeral expenses in the sum of $801.31 (which is the agreed amount thereof) are chargeable against the share of decedent in the community property and are not chargeable against the one-half interest of the surviving widow, Belle Stutzman, such charges to be deducted from decedent s one-half interest in the community property before computing the inheritance tax.
"II That the costs of administration, including the commission of executrix and attorney fee in the sum of $13,709.48 (which is the agreed amount thereof) are chargeable against the entire community property as a whole, and are not chargeable solely against the share of the decedent in the community property, such charges to be first deducted from the whole of the community property before computing the interest of decedent in said community property, and the then determined interest of the decedent in the community property shall be subject to the inheritance tax."
The Bureau of Revenue has not appealed the adverse ruling of the trial court as to funeral expenses, and appellant has not briefed, argued or preserved any question as to the item covering "Indebtedness against the estate in New Mexico  $1,032.12." Therefore, the question for determination here is simply stated: For the purpose of computing succession tax, are expenses of administration, including attorney's fees, deducted only from decedent's share of community property, or are they deductible from or chargeable to the valuation of the entire community estate?
A study of the New Mexico decisions on community property does not reveal an exact answer. The case of Langhurst v. Langhurst, 1945, 49 N.M. 329, 164 P.2d 204, decided that funeral expenses were chargeable only against the deceased husband's one-half interest in the community estate. Justice Bickley specifically stated that no opinion was expressed as to the expenses of administration, a question not then before the Court.
The positions of the parties are based primarily on two sections of the New Mexico Statutes, namely:
Sec. 31-109, N.M.S.A. 1941:
"Death of husband  Community property.  Upon the death of the husband one-half of the community property goes to the surviving wife and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition goes one-fourth to the surviving wife and the remainder in equal shares to the children of the decedent and further as provided by law. In the case of the dissolution of the community by the death of the husband the entire community property is equally subject to his debts, the family allowance and the charge and expenses of administration. (Laws 1907, ch. 37, § 27; Code 1915, § 1841; C.S. 1929, § 38-105.)"
Sec. 34-103, N.M.S.A. 1941:
"Deduction of exemptions, funeral expenses, costs of administration, debts, and encumbrances.  For the purpose of computing the tax due under article 11 of chapter 141, New Mexico Statutes Annotated, 1929 Compilation, there shall be deducted from the gross value of the estate all exemptions provided in section 1 (§ 34-101) of this act and any other exemptions allowed in said article 11 of Chapter 141, as well as the funeral expenses of the decedent, the costs of administration, the indebtedness of decedent at the time of his death, including the amount of any encumbrance, lien or charge of any nature existing at the time of the death of decedent upon any property owned by decedent, *992 for the payment of which the decedent was not personally liable but which must be paid or discharged in order to preserve the interest of decedent in such property. (Laws 1937, ch. 181, § 2, p. 471.)"
The parties and the trial court have posed as the ultimate question for answer whether or not the surviving wife's interest in community property is chargeable with the costs of administration. This is, perhaps, a broader question than need be answered here. The problems raised by the community property doctrine as stated in our statutes and decisions are sufficiently complex to suggest the wisdom of avoiding language on the subject of community property unnecessary to the disposal of the question in hand.
In this case, the specific question is the correctness of the computation of tax on the form set forth above. The taxing authorities justify the computation by combining Sec. 31-109, supra, and Sec. 34-103, supra, into a single legislative declaration. In so doing, appellee, the Bureau of Revenue, fails to distinguish between two ideas, namely, (a) the proper levy of the tax, and (b) who must pay that tax. That these are two separate and distinct questions for the purpose of legal analysis is evident from a reading of In re Gallagher's Will, 1953, 57 N.M. 112, 255 P.2d 317; Riggs v. Del Drago, 1942, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131.
The answer to the particular question need not be reached by a rationalization of the community property laws which bear upon the character of the holdings of a man and his wife and relate to the problem of which spouse must pay; a solution of the problem can be found by determining whether the computation as here made conforms with the formula prescribed by our statutes for the computation of succession tax.
Sec. 34-103, supra, covering exemptions from succession tax, provides for the deduction of certain items from the gross value of the estate. One of the deductible items is "the costs of administration". It is plain from a reading of the original 1921 Succession Tax Act that the word, "estate," refers to and is limited to the decedent's estate. The holdings in Beals v. Ares, 1919, 25 N.M. 459, 185 P. 780; In re Chavez's Estate, 1929, 34 N.M. 258, 280 P. 241, 69 A.L.R. 769, and numerous other decisions of this Court, including the cases of Dillard v. New Mexico State Tax Commission, 1948, 53 N.M. 12, 201 P.2d 345, and McDonald v. Senn, 1949, 53 N.M. 198, 204 P.2d 990, 10 A.L.R.2d 966, have settled the rule in New Mexico that the wife's one-half interest in community property is vested in her and is equal to the interest of her husband. It follows that the wife's interest in community property cannot be termed a part of decedent's estate. The failure of the Bureau of Revenue to take this conception into account is most vividly reflected in that portion of their formal assessment showing the surviving wife's one-half community interest as an "exemption."
Appellee tacitly admits this by asking the Court to equate the word "estate" in Sec. 34-103, supra, with the phrase "entire community property" in Sec. 31-109, supra. As justification for such a construction appellee invokes the last sentence of Sec. 31-109, supra:
"* * * In the case of the dissolution of the community by the death of the husband the entire community property is equally subject to his debts, the family allowance and the charge and expenses of administration. * *"
It is at this point that appellee exposes its confusion over (1) the question of a proper tax, and (2) the question of who shall pay that tax. We must rule against the contentions of the appellee for several reasons:
1. Sec. 34-103, supra, was enacted in 1937 as part of the Succession Tax Law originally passed in 1921; Sec. 31-109, supra, was enacted in 1907 along with other community property legislation and was readopted at the time of statehood. The Succession Tax Law of 1921 and Sec. 31-109, supra, were involved in the case of In re Chavez's Estate, supra, and presented a problem parallel to the one under discussion. In that case, on this parallel problem, *993 Justice Simms reached a conclusion from which we see no present reason to depart. The question asked in the case was whether or not the legislature, in enacting the Succession Tax Law, took into consideration the consequences of Sec. 31-108, N.M.S.A. 1941, which provides for disposition of the community property upon the death of the wife, and also Sec. 31-109, supra, the section here involved, which provides for such disposition upon the death of the husband. Justice Simms stated [34 N.M. 258, 280 P. 243]:
"* * * But a careful reading of the statute (1921 Succession Tax Act) fails to disclose anything upon which to base a reasonable contention that the Legislature, in enacting it, had in mind the consequences or the procedure of assessing and collecting the tax on the occasion of the dissolution of the community by death of the wife."
It is true that Sec. 34-103, supra, was not enacted until 1937; nevertheless, it is an integral part of the original 1921 Succession Tax Law, and the reasoning of the Court is as applicable to that section, 34-103, as to any other sections of the Succession Tax Act as it then stood. If Justice Simms' conclusion was correct in this regard, and in our judgment it was, then it is equally applicable to the "occasion of the dissolution of the community by death" of the husband. Therefore, the present succession tax laws as they relate to the imposition of a tax cannot be construed by references to the statutes creating, describing or providing for the disposition of community property estates.
2. The construction sought by appellee would put in place of the word, "estate," in Sec. 34-103, supra, the words, "entire community estate." Such construction, then, would eliminate from the provisions of this section the separate property of decedent. That result, being obviously unsound, would require a still further rewriting of this exemption statute under the guise of statutory interpretation.
3. There is no room for or need of statutory construction when the statute in question is clear and unambiguous. This generally accepted rule requires no citation of authority; however, reference is made to the case of Riley v. Robbins, 1934, 1 Cal.2d 285, 34 P.2d 715, because that case deals with the construction of an exemption statute and the propriety of certain deductions in determining inheritance tax.
It is the judgment of this Court, therefore, that under Sec. 34-103, supra, the computation of tax by the Bureau of Revenue was incorrect; that the deduction of costs of administration, for the purpose of computation of succession tax, could not be made from the valuation of the whole community estate but only, as to community property, from decedent's interest therein.
The suggestion has been made that, if the foregoing conclusion be true, only one-half of the costs of administration should be deducted from the deceased husband's share of the community property. This reasoning again reflects the failure to distinguish between the proper assessment of the tax and the determination of who must pay that tax. Sec. 34-103, supra, provides for the deduction of the full costs of administration from decedent's estate and this Court so holds.
The judgment of the trial court is reversed to the extent that it is inconsistent with this opinion, and in all other respects affirmed.
It is so ordered.
SADLER, C.J., and McGHEE, COMPTON and LUJAN, JJ., concur.