312 P.2d 541

Mrs. Fidel GONZALES, Appellee,

v.

NEW MEXICO STATE BOARD OF EM-
BALMERS AND FUNERAL DIRECTORS
and Steve W. Mason, Sidney H. Curtis,
Paul Salazar, Carl Wolf, and Harber
Heather, the members thereof, Appellants.

No. 6187.

Supreme Court of New Mexico.

June 7, 1957.

14

Dean S. Zinn, Santa Fe, for appellants.

Donald A. Martinez, Las Vegas, for appellee.

SADLER, Justice.

The New Mexico State Board of Embalmers and Funeral Directors, and the several individual members of the Board appeal from a judgment of the district court of San Miguel County setting aside an order of the above mentioned State Board denying appellee, Mrs. Fidel Gonzales, certificates of qualification as an Embalmer and Funeral Director and adjudging her entitled to such certificates under L.1947, c. 71, § 34(b), otherwise known as the Grandfather Clause of said legislative enactment.

The law in question is one creating the State Board of Embalmers and Funeral Directors, defining its powers, prescribing its duties, and providing for examinations by the Board of those desiring to engage in such occupations, or either of them, and otherwise setting up rules and regulations for the government of those so engaged. The Act contained what became known as a Grandfather Clause in Section 34 thereof, the material portion whereof reads, as follows:

"Section 34. Upon the passage and approval of this Act, a license as an embalmer and/or as a funeral director shall be issued by the Board, without examination or other requirements of this Act, to the following persons:

"(a) * * *

"(b) To any person who at the date of the passage of this Act has been a resident of this State for more than ten years and, who has for a period of more than five years pre-

vious to the passage of this Act, been engaged in business as funeral director or embalmer or both; * * *."

The appellee, Mrs. Gonzales, by virtue of the authority contained in the so-called Grandfather Clause, quoted next above, made application to the Board for certificates of qualification both as an embalmer and as a funeral director. Two hearings were held before the Board on her applications, following due notice, one on May 12, 1955, and another on December 12, 1955, at each of which testimony was taken and evidence adduced. Following the hearings, the applications were denied in an order of the Board reciting, among other things, the following:

"This matter having regularly come on for hearing before the Board pursuant to due notice, the applicant appearing in person and by her attorney, Donald A. Martinez, of Las Vegas, New Mexico and the Board being represented by its attorney, Dean S. Zinn, and the Board having heard and considered all the evidence offered by the parties and being fully advised in the premises finds that the competent, material and relevant evidence submitted by the applicant in support of her application is insufficient and not substantial to show that the applicant was engaged in business as a funeral director or embalmer, or both,

five years previous to the passage of Chapter 71, Laws of 1947, and, therefore, the application should be denied.

"It is ordered that the above entitled application be and it hereby is denied."

Thereafter, and in due season, the matter was appealed to the district court of San Miguel County pursuant to L.1947, c. 71, § 30, reading:

"Section 30. (a) Any final order of the Board denying, suspending or revoking a certificate of qualification shall be subject to review. The person aggrieved by the decision may, within thirty days thereafter, appeal to the District Court of the County in which the appellant resides and the Court shall hear the matter de novo and shall enter judgment in accordance with its findings. * * * Hearings on the appeal shall be conducted in accordance with the rules of the Court for review in similar cases."

The appeal was heard in the district court following which each of the parties made requests for findings and conclusions. The trial court filed its decision in the case embracing its findings and conclusions. Some of the findings are not in dispute. They are to be found in the trial court's findings 1 to 6, reading as follows:

"1. That the Defendant, New Mexico State Board of Embalmers and Funeral Directors is a statutory ad-

ministrative agency established and created under the provisions of Chapter 71, Laws of 1947 (N.M.Stats.1953 67–20) for the purpose of licensing, regulating and controlling the practice of embalming and the business of funeral directing in the State of New Mexico; and the remaining Defendants are the duly appointed, qualified and acting members of said Board.

"2. That the Plaintiff made application to the Board for certificates of qualification as both an embalmer and funeral director under the so-called 'Grandfather Clause' of the Act, being Section 34(b) of Chapter 71, Laws of 1947 (N.M.Stats.1953, Sec. 67–20–33 note), which authorizes the granting of either or both of such certificates to any person who at the date of the passage of the Act had been a resident of New Mexico for more than ten years and, who had for a period of more than five years previous to the passage of the Act, been engaged in business as funeral director or embalmer or both.

"3. That the 1947 Legislature, being the 18th Regular Session, adjourned on March 15, 1947, and therefore Chapter 71, Laws of 1947, became effective ninety days thereafter, or on June 15, 1947.

"4. That after due and proper notices as provided by statute, two sep-arate hearings were held before the Board on the applications, one on May 12, 1955, and the other on December 12, 1955, and the testimony and evidence submitted in the former hearing was incorporated by reference in the record of the latter hearing, and at such latter hearing additional testimony and evidence was received.

"5. That Mrs. Fidel Gonzales filed application for license as funeral director and embalmer as provided by Chapter 71 of the Session Laws of 1947, with the State Board of Embalmers and Funeral Directors of the State of New Mexico, on December 1, 1954.

"6. That the said Mrs. Fidel Gonzales had been a resident of the State of New Mexico for more than ten years prior to the 12th day of March, 1947."

There is nothing in the foregoing findings as to which either of the parties to this appeal can or do take exception. It is finding of fact No. 7 and the conclusions of law based thereon which are the subject of the most vigorous attack by the appellants. Finding No. 7 and the Conclusions of Law deduced by the court are, as follows:

"7. That the said Mrs. Fidel Gonzales, together with her husband, Fidel C. Gonzales, and under his license, has been actively engaged in the business of embalmer and funeral director and

has assisted and participated in the conduct and management of said business, and has actively assisted and participated in the preparation and embalming of corpses for burial, and in directing funerals, and had been so engaged for a period of more than five years prior to March 12, 1947.

"As Conclusions of Law, the Court finds:

"1. That the Court has jurisdiction of the subject matter of this action and of the parties to the same.

"2. That Appellees were not warranted nor justified as a matter of law in denying the application of the Appellant.

"3. That Appellant's application for certification under the so-called 'Grandfather Clause' of the said Act was supported by a preponderance of the testimony of record.

"4. That Appellant, Mrs. Fidel Gonzales, is entitled to certification of qualification as an embalmer and funeral director under and pursuant to the provisions of Section 34(b), Chapter 71, Laws of 1947."

In the hearing before the district court, there was no additional testimony nor further evidence introduced. In other words, the appeal was heard on the record made at the hearings before the State Board, the trial judge ruling that the scope of the evidence at the hearing before him was so limited. Neither party has challenged that ruling nor made it the basis of any claim of error here. So it is that the question before us becomes one of law.

■ This involves a determination by us whether the action of the State Board in denying appellee's applications was unlawful, unreasonable, capricious and without support in the evidence. 42 Am.Jur., Public Admin. Law, § 217; Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225; Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640; Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769; Baca v. Grisolano, 57 N.M. 176, 256 P.2d 792; State Corporation Commission v. Mountain States Telephone & Telegraph Co., 58 N.M. 260, 270 P.2d 685; Swisher v. Darden, 59 N.M. 511, 287 P.2d 73. If so, it was properly disregarded by the trial court and its findings and conclusions support the judgment rendered. Otherwise, the trial court's judgment must be set aside and action of the Board ordered to stand.

The claim of appellee to preferential treatment as an applicant for the certificates sought rests primarily and basically upon two factors, to wit: (1) that at effective date of the Act, she had been a resident of New Mexico for ten years;

18

(2) that for the five years prior to effective date of the Act she had been engaged in business both as a funeral director and embalmer. The State Board found and ruled the evidence submitted to support either claim was insufficient to establish it. We are asked to hold that finding was unreasonable, unlawful, capricious and without support in the evidence. We can not conscientiously do so.

During more than six months of the five-year period essential to establish her right to the certificates under the Grandfather Clause, the appellee admittedly was Secretary of State in New Mexico and, as she herself testified, devoting full time to the performance of her duties as such at the State Capitol in Santa Fe. She had never in her life embalmed a body, nor attempted to do so. She was unfamiliar with and unable to identify one of the most commonly used articles of the trade or occupation of an embalmer—a trocar—something which anyone engaged in the business would have recognized instantly.

So it is, if it be conceded proof of being engaged in the occupations mentioned for the other four and one-half years of the five-year period essential were satisfactory, of which there is the gravest doubt, the appellee must fail on this score, alone.

But it is said as to the occupation of funeral director, at least, the appellee must prevail because she was a partner of her husband in a mortuary in Las Vegas from which funerals were conducted throughout the five-year period prior to effective date of the Act. This claim rests on a false premise and cannot prevail. Counsel urges upon us that as a member of the community created by the marriage to her husband she was not only a partner in the community, but by the same token, a partner and engaged in whatever business or occupation he was throughout the life of the community.

As a witness, appellee admitted she had never filed a partnership return with her name given as a partner; applications filed by other partners, her husband and Jerry Baca, subsequent to formation of partnership between them, never mentioned her as a partner. She shared only in her husband's dividends of the partnership, and the husband's partner testified that the only interest she had was in her husband's share.

Obviously, the wife's claim of being a partner and thereby "engaged" in his occupation rested solely upon her status as a member of the community. This did not suffice. Compare In re Chavez' Estate, 34 N.M. 258, 280 P. 241, 69 A.L.R. 769; Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464.

It should be mentioned that the Grandfather Clause of the Funeral Directors and Embalmers Act has been repealed by L. 1955, c. 111, effective July 1, 1955, with a savings clause attached to preserve the rights under any application for license under said clause pending on that date. Thus it is the time has passed when new rights can originate under the Grandfather Clause.

■ It is worthy of note, too, that below both the court and all parties tried the cause upon the supposition that the critical five-year period under L.1947, c. 71, § 34(b) was the five-year period immediately prior to effective date of the Act. This was a reasonable construction of the Act, is in harmony with the critical date for measuring in reverse the essential ten-year period of residence and, if there were any doubt about the matter (and we entertain none), we should be disposed to accept the construction adopted by the trial court and acquiesced in by opposing counsel. Compare, Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315.

■ Counsel for the Board have failed to point out any provision of the Act before us permitting an appeal to this Court of the judgment of the district court in the statutory review of the Board's decision on a matter of this kind. Nevertheless, we have entertained the appeal under the authority of Supreme Court Rule 5(6), 1953 Comp. § 21–10–5. It is well to mention, however, that the 1953 Compilation, § 21–10–5, omits a material portion of Supreme Court Rule 5(6) as we adopted it; supplied by § 21–2–1(5), subd. 6.

It follows from what has been said that the trial court erred in setting aside the order of the State Board mentioned and in holding appellee entitled to the licenses sought. Its judgment will be reversed and the cause remanded with a direction to reinstate the cause on its docket, set aside its judgment and dismiss appellee's appeal.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and KIKER, JJ., concur.