257 Cal.App.2d 851 (1968)
Estate of THOMAS E. SHARP, Deceased. CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST CO. OF CHICAGO, as Trustee, etc., Objector and Appellant,
v.
SAN DIEGO HOSPITAL ASSOCIATION, Claimant and Respondent.
Civ. No. 8759. 
California Court of Appeals. Fourth Dist., Div. One. 
Jan. 16, 1968.
 Ferguson, Ferguson & Newburn, Carstens, Todd, Wright & Toothacre and Edward M. Wright for Objector and Appellant.
 Procopio, Cory, Hargreaves & Savitch, Harry Hargreaves and C. Robertson Kirkland for Claimant and Respondent.
 COUGHLIN, J.
 Respondent, San Diego Hospital Association, is a legatee under a codicil to the will of Thomas E. Sharp, deceased. Appellant, Continental Illinois National Bank and Trust Co. of Chicago, as trustee, is a residuary legatee under that will.pursuant to a petition by the executor for determination of entitlement to distribution of estate the court decreed the amount of the legacy to respondent bears interest under Probate Code, section 162 from the first anniversary of the testator's death.
 The legacy to respondent is provided for in that part of the codicil to the will entitled "Item Two: Changes in Bequests of money. ... Section (1)," wherein it is provided, insofar as pertinent to the issues at hand, in the event, "and ONLY in such event," certain conditions exist at the time "for" distribution the testator gives and bequeaths to respondent *853 an amount to be determined pursuant to a described formula.
 "Item Two" of the codicil, in eight separately numbered additional sections, also provides for other legacies to other legatees.
 Appellant is a legatee under the provisions of the will entitled "Article Twelve: Bequest of Residue or Remainder of Estate." Section (1) of Article Twelve, in substance defines the residue of the estate as that part thereof after payment of debts, expenses and administration, "death and other taxes" and "All bequests and legacies as provided for in this Will."
 [1] The right to claim interest on a legacy, absent a testator's express intention, is controlled by statute. (Prob. Code, 161-163; Estate of Hill, 54 Cal.2d 39, 46 [4 Cal.Rptr. 1, 351 P.2d 33].) The statutory provisions applicable to the instant case are set forth in Probate Code, section 162 which, in pertinent part, provides "General pecuniary legacies, ... if not paid prior to the first anniversary of the testator's death, bear interest thereafter at the rate of 4 per cent per annum"; and Probate Code, section 161, defining different types of legacies, designated generally as "specific," "demonstrative," "annuity," "residuary" and "general."
 The trial court found "decedent in said Will and Codicil intended to give Hospital (respondent) a general pecuniary legacy of a specific sum of money, not a portion of the residue of his estate"; decreed the gift to respondent "as set forth in Item Two, Section (1) of said Codicil ... is a general pecuniary legacy within the meaning of Section 162 of the California Probate Code"; and further decreed the amount of said gift "bears interest under said Section 162 from ... the first anniversary of the testator's death."
 Appellant contends the bequest to respondent does not bear interest because (1) it is a residuary and not a general legacy; (2) it is not a legacy within the contemplated scope of section 162, because under attendant circumstances, it could not be paid within one year from the death of testator, and also because the amount and recipient thereof are not determinable until distribution; and (3) where a will specifies a date of payment a legacy bears interest only from that date, and the instant codicil, expressly or by implication, specifies the date of distribution as the date of payment.
 [2] Appellant's contention the legacy is residuary is premised upon the claim distribution thereunder to respondent *854 depends upon a condition precedent; upon death of the testator title to the bequeathed property vested in appellant, the residuary legatee, under the rule stated in Estate of Cross, 163 Cal. 778, 781 [127 P. 70]; and, under Probate Code, section 142, no title vests in respondent, the conditional legatee, until the condition is fulfilled. (See also Estate of Jameson, 93 Cal.App.2d 35, 38, 39 [208 P.2d 54].) The fallacy in this contention lies in the conclusion the nature of the legacy under which title to designated property vests at the time of testator's death determines the nature of the legacy under which title to that property vests at the time of disposition under the will. Upon distribution, a contingent legatee acquires property which is the object of a conditional legacy by virtue of the provisions of the will creating that legacy and not by virtue of the provisions of the will disposing of the residuum. Whether title to bequeathed property vests in a named legatee upon death of the testator or at some future time is irrelevant to a determination whether the bequest is a general or residuary legacy within the meaning of section 162. The question in the case at bench is not when the right to interest as a part of the bequeathed property vests, but the date from which interest is computed after the right vests. (Cf. Estate of Hill, 54 Cal.2d 39, 45-46 [4 Cal.Rptr. 1, 351 P.2d 33].) Assuming disposition of the property described in Item Two, Section (1) of the codicil is subject to conditions precedent, when the conditions occur disposition thereof will be made to respondent under the provisions of Item Two, Section (1) of the codicil and not under the provisions of Article Twelve of the will disposing of the residuum of the estate.
 [3] A residuary legacy is a bequest of "that which remains after all of the bequests of the will are discharged" (Prob. Code, 161, subd. (4); gen. see Estate of Kimmis, 77 Cal.App.2d 233, 235 [175 P.2d 53]); and passes all of the personal property which the testator was entitled to bequeath at the time of his death, not otherwise effectually bequeathed by his will. (Prob. Code, 126.) The will and codicil in the case at bench distinctly provide for payment of the legacy to respondent before payment of the legacy to appellant.pertinent to the issue at hand is that part of the decision in In re Williams, 112 Cal. 521, 526 [44 P. 808, 53 Am.St.Rep. 224], where the court said: " 'A residuary legacy embraces only that which remains after all the (other) bequests of the will are discharged.' (Civ. Code, 1357.) There can be but *855 one such residuum, and in the codicil containing the legacy to appellant, the testator mentions the gift of such residuum to Mrs. Auzerais after all the gifts in the will are fulfilled. This is the residuary legacy, and the only one provided for in the will." Present Probate Code, section 161 is similar in the respects noted to former Civil Code, section 1357. The only residuary legacies under the instant will and codicil are those contained in Article Twelve.
 The finding of the trial court the legacy to respondent was general and not residuary conforms to the law and the facts in the premises.
 [4a] Appellant's contention the testamentary gift to respondent is not a legacy subject to the interest provisions of section 162 is premised upon the claim section 162 applies only to legacies that can be paid within one year and the bequest to respondent, under prevailing circumstances, cannot be paid within that time; upon the further claim the legacy is subject to a condition precedent the fulfillment of which cannot be determined until distribution with the consequent result the recipient of the legacy cannot be determined until that date; and also upon the claim the amount of the bequest cannot be determined until distribution. [5] Where the language of a statute is clear, such as in the instant case, there is no room for interpretation; it must be followed; and effect must be given its plain meaning. (Caminetti v. Pacific Mut. Life Ins. Co., 22 Cal.2d 344, 353-354 [139 P.2d 908]; Riley v. Robbins, 1 Cal.2d 285, 287-288 [34 P.2d 715].) [4b] Section 162 applies to all general pecuniary legacies; is not limited to those practically payable within one year (In re Williams, supra, 112 Cal. 521, 524- 525); does not exclude legacies subject to conditions precedent; and does not except those the amount of which is determinable only upon distribution. Assuming, without deciding, distribution under the instant legacy is subject to conditions precedent and the recipient or the amount therof is not determinable until distribution, we conclude, nevertheless, the contention in question is without merit.
 [6] Also without merit is the contention the provisions of the codicil specify the date of distribution as the date of payment and, for this reason, the legacy does not bear interest. Appellant argues since the recipient and the amount of the legacy cannot be determined until date of distribution the will, expressly or by implication, fixes the date of distribution as the date of payment; claims where a will specifies a date *856 of payment a legacy bears interest only from that date; and concludes, under these circumstances, the instant legacy in effect does not bear interest. A general pecuniary legacy bears interest at the rate and from the date prescribed by section 162 unless the testator expressly declares otherwise. (Prob. Code, 163; Estate of Platt, 21 Cal.2d 343, 350 [131 P.2d 825].) Assuming a provision in a will specifying the date of payment of a legacy governs the time from which the legacy bears interest, there is no provision in the instant will specifying a date of payment. The will does not specify a date for distribution. Assuming also, by virtue of the provisions of the will, the recipient and amount of the legacy are not determinable until distribution, this fact does not support an implication the testator directed payment at some indefinite date coincident with the date of distribution. Furthermore, the provisions of the will upon which the assumed circumstances are premised are not a declaration of the testator's expressed intention the legacy should bear interest from the date of distribution rather than from the date prescribed by section 162, i.e., one year after the testator's death. (Cf. Estate of Platt, supra, 21 Cal.2d 343, 348.)
 The order is affirmed.
 Brown (Gerald), P. J., and Whelan, J., concurred.