587 P.2d 1342

**Roberto HERRERA, Appellant,**

v.

**HEALTH AND SOCIAL SERVICES, Department of the State of New Mexico, Appellee.**

**No. 3329.**

Court of Appeals of New Mexico.

Nov. 7, 1978.

Rehearing Denied Nov. 21, 1978.

Writ of Certiorari Denied Dec. 18, 1978.

Clark De Schweinitz, Santa Fe, and Clifford M. Rees, Espanola, for appellant.

Toney Anaya, Atty. Gen., Carolyn A. Cosner, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

LOPEZ, Judge.

Roberto Herrera, appellant, has appealed a decision of the Health and Social Services Department, appellee, denying him benefits under the New Mexico Special Medical Needs Act, § 13–15–1, et seq., N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, 1976). We reverse and remand.

■ The primary issue on appeal is whether the decision of the appellee was arbitrary and capricious, not supported by substantial evidence, or not otherwise in accordance with the law. Section 13–18–4 F(1), (2), (3), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, 1976). If this decision is of such a nature, this Court has the power to set it aside. Section 13–18–4 F(1), (2), (3), supra. In order to determine this issue, the secondary issue of whether community property law dictates the definition of "income" as found in Section 352.9, Public Assistance Manual, Vol. II–A, must be decided.

Recitation of the following facts is essential for a clear understanding and determination of this case. Appellant married his present wife in 1942; since that time, they have lived together as husband and wife. Since 1944, appellant has been a teacher in New Mexico and has paid into the New Mexico Educational Retirement Fund. Appellant retired from his teaching job in 1974 and began receiving a pension from the New Mexico Educational Retirement Board at the end of September 1974, retroactive to July 1, 1974, in the sum of $301.29. This retirement pay was later increased to $310.29 and constitutes the sole support for appellant, his wife and two children. It is uncontroverted that appellant earned his pension during the course of his present marriage. On June 28, 1976, as the result of an automobile accident, appellant suffered serious lung injuries requiring the continuous use of supplied oxygen to survive. Consequently, appellant applied for and received assistance under the Special Medical Needs Act, § 13–15–1 et seq., supra. On June 14, 1977, the Rio Arriba County Welfare Office notified appellant that this assistance would be terminated. The sole reason given for this action was that his income exceeded the countable income level allowed under Section 352.9, supra, promulgated for the Special Medical Needs Act. Appellant requested a hearing pursuant to § 13–18–3, supra. Appellee's hearing officer concluded that appellant's pension was community property, that one-half of this pension belonged to appellant's wife, and that consequently appellant was eligible to continue to receive medical assistance under the Special Medical Needs Act. Based upon this conclusion, the hearing officer recommended that appellant's appeal be upheld. However, this recommendation was not followed by appellee's executive director. On October 12, 1977, the director denied the appeal thereby denying appellant continued medical assistance.

This case involves our interpretation of Section 352.9, supra, which reads in part as follows:

INCOME—To be eligible for the Special Medical Need Program, the eligible individual(s) countable income, as determined below, may not exceed $240 per month for an eligible individual, or $360 for an eligible couple.

By virtue of § 13–15–4 B, supra, appellee has been given the authority to define by regulation exempt and nonexempt income and resources for purposes of establishing eligibility under the Special Medical Needs Act. Section 352.9, supra, was promulgated pursuant to this authority. However, in issuing this regulation, appellee failed to define "income." It is this failure which constitutes the central dispute in this case.

■ Appellee argues that the plain meaning of income, without regard to com-

munity property principles, should be used in interpreting the regulation and refers us to *Davis v. Commissioner of Revenue*, 83 N.M. 152, 489 P.2d 660 (Ct.App. 1971); *State v. Orzen*, 83 N.M. 458, 493 P.2d 768 (Ct.App. 1972); and Webster's Third New International Dictionary for the definition of income. Appellee further contends that, even if community property principles are applied, such an application, although vesting in appellant's wife a present, one-half interest in appellant's income, would not assure the availability of this interest to her. Because this assurance does not exist, appellee argues that appellant's income amounts to $310.29 thereby making him ineligible for continued medical assistance. Appellant argues that community property principles should determine the definition of income and that such a determination results in only one-half of his income being available to him. According to appellant, the consequence of such a situation is that his income amounts to $155.15 and that therefore he is eligible for continued medical assistance. We accept appellant's position and hold that community property law dictates the definition of "income" as found in Section 352.9, supra. We further hold that the resulting definition of "income" in Section 352.9, supra, makes appellant eligible for continued medical assistance under the Special Medical Needs Act.

■ In so holding, we do not disagree with the law stated in *Davis* and *Orzen* regarding rules of construction of words in regulations and statutes. But we conclude that, with respect to the case at bar, these cases are not controlling and that therefore there is no need to rely on Webster's Dictionary for the definition of income. This conclusion is based upon the fact that in New Mexico property acquired during marriage by either husband or wife, or both, is presumed to be community property. Section 57–4A–6 A, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. 1975). For the purposes of determining the definition of income in Section 352.9, supra, we rule that the ordinary meaning of income must give way to the recognition of this well established fact.

■ Applying this ruling to the case at bar, we find that appellant's income is community property. It is undisputed that appellant's income derives solely from his pension. In this jurisdiction, retirement pay is regarded as a mode of employment compensation for services rendered in the past. *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969). Therefore, appellant's pension is employment compensation for services rendered in the past. The record indicates that appellant rendered these services while married to his present wife; therefore, this pension was earned during the course of his present marriage. Under these facts, appellant's pension is presumed to be community property. Section 57–4A–6 A, supra. In absence of proof to the contrary, this presumption stands. *In re White's Estate*, 41 N.M. 631, 73 P.2d 316 (1937); *Carron v. Abounador*, 28 N.M. 491, 214 P. 772 (1923); *Barnett v. Wedgewood*, 28 N.M. 312, 211 P. 601 (1922). The record shows no evidence to rebut the presumption that appellant's income is community property.

■ In addition, our conclusion that appellant's income is community property is further supported by New Mexico case law. Appellant's sole income is his pension. It has been held that the character of retirement pay is determined by the law of the state where it is earned. If earned in a community property state during marriage, it is community property, and if earned in a non-community property state during marriage, it is separate property. *Otto v. Otto*, 80 N.M. 331, 455 P.2d 642 (1969); accord *LeClert v. LeClert*, supra. Therefore, appellant's income is community property since it was earned both in New Mexico and during his present marriage.

■ Since appellant's income is community property, appellant's wife has a present, vested, one-half interest in this property, in every respect equal to that of

appellant. *Reed v. Nevins*, 77 N.M. 587, 452 P.2d 813 (1967); *In re Stutzman's Estate*, 57 N.M. 710, 262 P.2d 990 (1953); *Dillard v. New Mexico State Tax Commission*, 53 N.M. 12, 201 P.2d 345 (1948); *In re Miller's Estate*, 44 N.M. 214, 100 P.2d 908 (1940); *In re Chavez Estate*, 34 N.M. 258, 280 P. 241 (1929); *Baca v. Village of Belen*, 30 N.M. 541, 240 P. 803 (1925); *Beals v. Ares*, 25 N.M. 459, 185 P. 780 (1919).

Although appellee agrees that, if applied, community property law vests appellant's wife with one-half present interest in appellant's income, appellee argues that this law does not assure the availability of this interest to her. The fallacy of such an argument can be seen by looking at the statutory scheme governing the community property law in New Mexico. Under § 57–4A–4 A, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. 1975), the separate debts of appellant's wife may be satisfied out of her one-half interest in the community property. Although the direct import of the provision is to assure that this interest is available to the creditors of appellant's wife, logic necessitates the conclusion that this interest is also guaranteed as available to her since she may contract her own separate debts and choose her creditors. Because of this assurance, it follows that appellant's income, practically speaking, amounts to no more than his present, vested, one-half interest in his pension. Appellee's reliance upon *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1969) and *Martinez v. Health and Social Services Dept.*, 90 N.M. 345, 563 P.2d 608 (Ct.App. 1977), as authority for the proposition that community property law does not assure the availability to appellant's wife of her interest in appellant's pension is misplaced. Both those cases dealt with the availability of a mother's interest in community property for purposes of determining A.F.D.C. benefits (Aid to Families with Dependent Children). The special considerations involved in determining A.F.D.C. benefits dictated the results in those cases. No such considerations are present in the case at bar. Therefore, we find that appellant's income under Section 352.9, supra, amounts to $155.15 and that he is eligible for continued medical assistance under the Special Medical Needs Act.

In making such a finding, we note that § 57–4A–8 A, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. 1975) gives either spouse alone the full power to manage, control, dispose of and encumber the entire community personal property. However, it does not follow that this power makes the entire community of personal property always available to each spouse. There exists a distinction between the power to manage and control and actual availability. The power provided under § 57–4A–8 A, supra, is based upon the general recognition that marriage is a partnership which is in many ways similar to a commercial partnership. Acting upon this recognition, the legislature determined that community personal property should be subject to the management and control of either spouse alone. Bingaman, "The Community Property Act of 1973: A Commentary and Quasi-Legislative History," 5 N.M.L.Rev. 1 (1974). However, the legislature placed limits upon this power by providing that a spouse's one-half interest in the community property would be available to satisfy his or her separate debts. Section 57–4A–4 A, supra. If a creditor sought to collect a spouse's separate debt, the power of the nondebtor spouse to manage and control could conceivably extend only to his or her one-half interest in the community personal property. The power to manage and control must thus yield whenever a creditor seeks to collect a separate debt. Therefore, it does not necessarily follow that the power given by § 57–4A–8 A, supra, makes the entire community personal property always available to each spouse.

Because we believe, from the foregoing statutory construction, that ultimately no more than one-half of the community property is available to each spouse and because the record shows no proof that all of appellant's income is available to him, we hold

that the decision of the appellee was arbitrary and capricious, not supported by substantial evidence, or not otherwise in accordance with the law. By so holding, this Court is not creating any medical program or programs. Cf. *Health & Social Services Department v. Garcia*, 88 N.M. 640, 545 P.2d 1018 (1976). The medical program in the case at bar is still in existence. We are merely defining "income" as it applies to eligibility standards under the Special Medical Needs Act. In arriving at this definition, we note that the legislature declared a state of emergency when it enacted the Special Medical Needs Act. New Mexico Laws 1973, ch. 311, § 7. This declaration indicates an intent to provide medical assistance to individuals like appellant.

This case is reversed and remanded to the appellee to reinstate medical assistance to appellant retroactively and to proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

SUTIN and HERNANDEZ, JJ., concur.